UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAOYUAN ZHANG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>VALARIS PLC, THOMAS P. BURKE, and JONATHAN H. BAKSHT,<br><br>    Defendants | Case No. 1:19-cv-07816-NRB<br><br>CLASS ACTION<br><br>Hon. Naomi Reice Buchwald |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CHARLES MOOSA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 5

FACTUAL BACKGROUND ..................................................................................................... 6

ARGUMENT ............................................................................................................................... 8

    I.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE ................... 8

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ........... 8

        B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ............................ 9

            1.    Movant Filed a Timely Motion ................................................................. 9

            2.    Movant Has the Largest Financial Interest in the Relief Sought

                By the Class ............................................................................................... 10

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements .............. 11

                a.    Movant's Claims Are Typical of the Claims of the Class .......................... 12

                b.    Movant Will Fairly and Adequately Protect the Interests of the Class......... 13

    II.    APPOINTING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE ........... 15

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
 252 F.R.D. 188 (S.D.N.Y. 2008) ....................................................................................... 12

*In re Drexel Burnham Lambert Grp., Inc.*,
 960 F.2d 285 (2d Cir. 1992) ............................................................................................. 12

*In re eSpeed, Inc., Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005) ......................................................................................... 5

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................. 8, 10

*Gen. Tel. Co. of the Southwest v. Falcon*,
 457 U.S. 147 (1982) ......................................................................................................... 12

*In re GE Secs. Litig.*,
 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ................................................. 14

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................... 10

*Micholle v. Ophthotech Corp.*,
 No. 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018) ............ 9

*In re Milestone Scientific Sec. Litig.*,
 183 F.R.D. 404 (D.N.J. 1998) .......................................................................................... 14

*In re Orion Sec. Litig.*,
 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 8, 2008) ................................................... 12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................... 12

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
 275 F.R.D. 187 (S.D.N.Y. 2011) ..................................................................................... 13

*Strougo v. Brantley Capital Corp.*,
 243 F.R.D. 100 (S.D.N.Y. 2007) ..................................................................................... 12

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006) ................................................... 10

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ..................................................................................... 10

**Statutes**

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I)(cc) ................................................................................ 11

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................ passim

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................................. 10

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................ passim

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(ii) .............................................................................................. 8

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................... 10, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................. 9, 14, 15

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................................................. 9, 15

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 15

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... passim

Movant Charles Moosa ("Movant"), on behalf of himself and all similarly situated persons, respectfully submit this Memorandum of Law in support of his motion ("Motion"): (1) appointing Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired securities of Valaris plc ("Valaris" or the "Company") from April 11, 2019 to July 31, 2019, inclusive (the "Class", who purchased during the "Class Period"); (2) approving Movant's selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the putative class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court is an Action brought on behalf of all persons who purchased or otherwise acquired Valaris securities during the Class Period. Plaintiffs in the Action allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5 against the Company, Thomas P. Burke ("Burke"), and Jonathan H. Baksht ("Baksht") (collectively, the "Defendants," and without the Company the "Individual Defendants").

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re eSpeed, Inc., Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the parties moving for lead of the consolidation action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted). Movant has lost approximately $328,543.69 as a result of the alleged fraud during the

Class Period.[1] Movant believes that he has the largest financial interest in the outcome of this case. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.

For the reasons summarized herein and discussed more fully below, Movant's Motion should be approved in its entirety.

## FACTUAL BACKGROUND[2]

Headquarted in London, Valaris provides offshore drilling services in various water depths worldwide, operating a rig fleet of ultra-deep-water drillships, versatile semisubmersibles, and modern shallow-water jackups. ¶ 2. The Company's offshore fleet includes sixteen drillships, twelve semisubmersibles, fifty-four jackups, and two deep-water managed units. *Id.*

Touted as an industry-leading offshore driller, Ensco plc ("Ensco") and Rowan Companies plc ("Rowan") merged to form Ensco Rowan plc ("Ensco Rowan") on April 11, 2019. ¶ 3. On July 2, 2019, Ensco Rowan announced that it would change its name to Valaris plc, effective July 31, 2019, and that the Company's ordinary shares would trade under the new ticker symbol "VAL" following the name change. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company was plagued by a weak ultra-deep-water segment, massive cash usage, and significant negative cash

---

[1] A Certification identifying Movant's transactions in Valaris, as required by the PSLRA, as well as a chart identifying his losses, are attached to the Declaration of Shannon L. Hopkins, dated October 21, 2019 ("Hopkins Decl."), as Exhibits A and B, respectively.

[2] Citations to "¶__" are to paragraphs of the Class Action Complaint (the "Complaint") filed in this Action (Dkt. No. 1). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint.

flow; (ii) the foregoing was reasonably likely to have a material negative impact on the Company's second quarter 2019 results; (iii) the merger leading to Valaris's establishment could not deliver on its touted benefits; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4.

On July 31, 2019, Valaris issued a press release announcing its second quarter 2019 financial results which missed market expectations (the "2Q 2019 Press Release"). ¶ 5. Shortly thereafter, Seeking Alpha published an article on August 2, 2019, entitled "Valaris PLC - Off To A Bad Start" (the "Seeking Alpha Article"), noting that Valaris's results "shock[ed] investors with massive cash usage [and] . . . surprisingly weak outlook for the ultra-deep-water segment with further dayrate recovery likely delayed until at least the second half of next year." *Id.* The Seeking Alpha Article further criticized the Company's free cash flow for the quarter, which was "negative by a whopping $375 million causing the company's remaining pro forma cash balance adjusted for roughly $741 million in payments related to the recent debt tender offer to decline to just $353 million." *Id.*

On this news, Valaris's stock price fell $3.25 per share, or approximately 39%, over the two trading sessions following the Company's announcement of its quarterly financial results, to close at $5.02 per share on August 2, 2019. ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *Id.*

**ARGUMENT**

I. **APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE**

   A. **The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a) and (a)(3)(B).

*First*, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall cause to be published in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication. See *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. §78u-4(a)(3)(A)).

Under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by a purported class member in response to the notice and appoint as lead plaintiff the plaintiff that the court determines to be "most capable of adequately representing the interests of class members." The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

   (aa)   has either filed the complaint or made a motion in response to a notice;

   (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and sustained, to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class and satisfies the typicality and adequacy requirements of Rule 23.

#### 1. Movant Filed a Timely Motion

On August 20, 2019, which was within twenty (20) days of the filing of the first-filed complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff in the Action published notice of that Action over *Globe Newswire*, a widely circulated national business-oriented wire service. See Hopkins Decl., Ex. C; *see also Micholle v. Ophthotech Corp.,* No. 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120, at *18 (S.D.N.Y. Mar. 13, 2018) (considering filing a notice on Globe Newswire to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member

of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. See 15 U.S.C. § 78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on October 21, 2019. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. See Hopkins Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001); *Foley*, 272 F.R.D. 126, 127 (stating "[a]lthough courts have differed on how much weight to assign to each of the factors, the Second Circuit, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."). *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028, *13-14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated (i.e. the end of the class period), or (ii) the difference between the purchase price paid for the shares and the

average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

Within the Class Period, Movant purchased Valaris securities in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. Movant suffered substantial losses of approximately $328,543.69 as a result of the Defendants' alleged fraudulent statements. See Hopkins Decl., Ex. B. Movant, thus, has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D.

42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."); *see also Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a. Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). "However, the claims of the class representative need not be identical to those of all members of the class." *Id.*; *In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").[3]

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete, nor conflict, with the claims of the other Class members. *See Richman v Goldman*

---

[3] Further, although not relevant to the present motion, a finding of commonality frequently supports a finding of typicality and vice versa. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

*Sachs Grp.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.") (quotations omitted). Movant, like the other members of the Class, acquired Valaris securities during the Class Period at prices artificially inflated by the Defendants' materially false and misleading statements and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses resulted from the Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, *12 (S.D.N.Y. May 9, 2008) ("Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). Additionally, Movant is not subject to any unique defenses and there is no evidence of any conflicts between Movant and the other members of the Class.

Movant therefore satisfies the required *prima facie* showing of the typicality requirement of Rule 23 for purposes of this Motion.

### b. Movant Will Fairly and Adequately Protect the Interests of the Class

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel; and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether

class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE Secs. Litig.*, 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and [it] has retained competent and experienced counsel."). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Movant has met both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative class. Not only is there no evidence of conflict between Movant's interests and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged therein. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Indeed Movant has already taken significant steps demonstrating that he recognizes and will protect the interests of the Class, including: (1) executing a certification detailing his Class Period transaction and expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest

amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this Action.

## II. APPOINTING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.

As set forth in the accompanying firm résumé (Hopkins Decl. Ex. D), Levi & Korsinsky is a highly accomplished firm and currently acting as lead counsel in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of counsel, Levi & Korsinsky, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: October 21, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887) 1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*