UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAOYUAN ZHANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VALARIS PLC, THOMAS P. BURKE, and JONATHAN H. BAKSHT,<br><br>Defendants. | Case No.  1:19-cv-07816-NRB |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJIV H. BHUVA FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

I.      BHUVA SHOULD BE APPOINTED LEAD PLAINTIFF ............................................... 4

        A.      Bhuva is willing to serve as a Class Representative and has timely filed this
                motion to be appointed Lead Plaintiff. ..................................................................... 5

        B.      Bhuva has the "largest financial interest" in the Action. ...................................... 5

        C.      Bhuva otherwise satisfies the Requirements of Rule 23 ........................................ 6

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............ 8

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
17-CV-10085, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Chahal v. Credit Suisse Grp. AG*,
18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) .......................6

*Costas v. Ormat Technologies, Inc.*,
18-cv-271 (D. Nev.) .............................................................................................................10

*Dookeran v. Xunlei Ltd.*,
18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12,
2018) .....................................................................................................................................8

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................................8

*Gross v. AT&T Inc.*,
19-cv-2892 (S.D.N.Y.) ..........................................................................................................9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................6

*In re Orion Secs. Litig.*,
08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .........................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ..........................................................................................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ..........................................................................................9

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997). .....................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13,
2017) .....................................................................................................................................6

**Statutes**

15 U.S.C. §78j(b) ....................................................................................................................1, 6

15 U.S.C. §78t(a) ....................................................................................................................1, 6

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Rajiv H. Bhuva ("Bhuva") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Bhuva as Lead Plaintiff in the above-captioned action (the "Action") on behalf of all persons who purchased or otherwise acquired the securities of Valaris plc ("Valaris" or the "Company") between April 11, 2019 and July 31, 2019, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaint in the Action alleges a very significant fraud perpetrated on investors in Valaris, arising from the concealment of, *inter alia*, weaknesses in the Company's ultra-deepwater segment, massive cash usage, and significant negative cash flow, all of which was foreseeably likely to have a material negative impact on the Company's second quarter 2019 results. *See generally* Dkt. No. 1 ("Complaint"). The ability of Valaris investors to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA. Bhuva is the best choice to serve as Lead Plaintiff. His chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

As the Complaint alleges, during the Class Period, Valaris and certain of its officers (collectively, "Defendants") defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Valaris's business and operations. Valaris investors, including Bhuva, incurred significant losses

1

resulting from Valaris's announcement of its second quarter 201 financial results, which disclosed weaknesses in the Company's ultra-deepwater segment, massive cash usage, and significant negative cash flow. Following this news, Valaris's stock price fell $3.25 per share, or approximately 39% over the two trading sessions following the Company's announcement, to close at $5.02 per share on August 2, 2019, devastating the investments by Bhuva and the other Class Members.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Bhuva, having incurred losses of approximately $197,198 calculated on a last-in, first-out ("LIFO") basis and $512,501 calculated on a first-in, first-out ("FIFO") basis in connection with his Class Period purchases of Valaris securities, believes that he has the largest financial interest in the relief sought in this action. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Ex. A.

Beyond his considerable financial interest, Bhuva also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Bhuva has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in

the United States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on his very significant financial interest and his satisfaction of the typicality and adequacy requirements of Rule 23, Bhuva respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Lead Counsel.

## STATEMENT OF FACTS

Valaris is headquartered in London, the United Kingdom.  Complaint ¶ 2.  The Company provides offshore drilling services in various water depths worldwide, operating a rig fleet of ultra-deepwater drillships, versatile semisubmersibles, and modern shallow-water jackups.  *Id.* The Company's offshore fleet includes sixteen drillships, twelve semisubmersibles, fifty-four jackups, and two deepwater managed units.  *Id.*

On April 11, 2019, Ensco plc and Rowan Companies plc merged to form Ensco Rowan plc ("Ensco Rowan"), which was touted as an industry-leading offshore driller.  *Id.* ¶ 3.  On July 2, 2019, Ensco Rowan announced that it would change its name to Valaris plc, effective July 31, 2019, and that the Company's ordinary shares would trade under the new ticker symbol "VAL" following the name change.  *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company was plagued by a weak ultra-deepwater segment, massive cash usage, and significant negative cash flow; (ii) the foregoing was reasonably likely to have a material negative impact on the Company's second quarter 2019 results; (iii) the merger leading to Valaris's establishment could not deliver on its touted benefits; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id.*

3

On July 31, 2019, Valaris issued a press release announcing its second quarter 2019 financial results—purportedly its first earnings report post-merger reflecting the results of the combined company—which missed market expectations (the "2Q 2019 Press Release"). *Id.* ¶ 5. Upon issuance of the 2Q 2019 Press Release, *Seeking Alpha* published an article on August 2, 2019, entitled "Valaris PLC - Off To A Bad Start" (the "*Seeking Alpha* Article"), noting that Valaris's results "shock[ed] investors with massive cash usage [and] . . . surprisingly weak outlook for the ultra-deepwater segment with further dayrate recovery likely delayed until at least the second half of next year." *Id.* The *Seeking Alpha* Article further criticized the Company's free cash flow for the quarter, which was "negative by a whopping $375 million causing the company's remaining pro forma cash balance adjusted for roughly $741 million in payments related to the recent debt tender offer to decline to just $353 million." *Id.*

On this news, Valaris's stock price fell $3.25 per share, or approximately 39%, over the two trading sessions following the Company's announcement of its quarterly financial results, to close at $5.02 per share on August 2, 2019. *Id.* ¶ 6.

**ARGUMENT**

## I.     BHUVA SHOULD BE APPOINTED LEAD PLAINTIFF

Bhuva should be appointed Lead Plaintiff because, to the best of his counsel's knowledge, Bhuva has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

4

such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Bhuva satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**A.    Bhuva is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.**

On August 20, 2019, Pomerantz, as counsel for the plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced the pendency of the Action and which advised investors in Valaris securities that they had until October 21, 2019 to file a motion to be appointed as Lead Plaintiff (the "Notice").  *See* Hood Decl., Ex. B.  Bhuva has timely filed his motion pursuant to the Notice and has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Bhuva satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.    Bhuva has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his counsel's knowledge, Bhuva has the largest financial interest of any Valaris investor seeking to serve as Lead Plaintiff.  For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit.  *See*, *e.g.*, *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017).

During the Class Period, Bhuva: (1) purchased 137,477 shares of Valaris stock; (2) expended $1,631,913 on his purchases of Valaris stock; (3) retained 56,000 of his shares of Valaris stock at the end of the Class Period; and (4) incurred losses of $197,198 on a LIFO basis and $512,501 on a FIFO basis in connection with his purchases of Valaris stock.  *See* Hood Decl., Ex. A.  To the extent that Bhuva possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Bhuva otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).   In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.   Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23".   *Aude* 2018 U.S. Dist. LEXIS 57591, at *8; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"   *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)).   "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"   *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Bhuva's claims are typical of those of the Class.   Bhuva alleges, as do all Class members, that Defendants violated the federal securities laws by, *inter alia*, making what they knew or should have known were false or misleading statements of material facts and/or omitting to

disclose material facts concerning Valaris. Bhuva, as did all members of the Class, purchased or acquired Valaris securities at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Valaris's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, Bhuva has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Bhuva's interests and the interests of the Class. Bhuva has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Hood Decl., Ex. C), and the significant loss incurred by Bhuva demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead

plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

Here, Bhuva has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. *See* Hood Decl., Ex. D. More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Hood Decl., Ex. D. Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Gross v.*

9

*AT&T Inc.*, 19-cv-2892 (S.D.N.Y.); *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-1725 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.).

In Pomerantz, Bhuva has chosen counsel with the skill, knowledge, expertise, and experience that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Bhuva's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Bhuva respectfully requests that the Court issue an Order: (1) appointing Bhuva as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 21, 2019                    Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ J. Alexander Hood II*
                                            J. Alexander Hood II
                                            Jeremy A. Lieberman
                                            Jonathan D. Lindenfeld
                                            600 Third Avenue, 20th Floor
                                            New York, NY 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (212) 661-8665
                                            Email: ahood@pomlaw.com
                                            Email: jalieberman@pomlaw.com
                                            Email: jlindenfeld@pomlaw.com

                                            POMERANTZ LLP
                                            Patrick V. Dahlstrom
                                            Ten South LaSalle Street, Suite 3505
                                            Chicago, Illinois 60603
                                            Telephone: (312) 377-1181
                                            Facsimile: (312) 377-1184
                                            Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Rajiv H. Bhuva
and Proposed Lead Counsel for the Class*

11