**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIAOYUAN ZHANG, Individually and on Behalf of and All Others Similarly Situated, | Case No. 1:19-cv-07816-NRB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | Hon. Naomi Reice Buchwald |
| VALARIS HOLDINGS INC., THOMAS P. BURKE, and JONATHAN H. BAKSHT, | |
| Defendants. | |

**CHARLES MOOSA'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING**
<u>**MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**</u>

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................... 1

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.      Mr. Moosa Should Be Appointed As Lead Plaintiff........................................... 2

        A.     Legal Standards................................................................................... 2

        B.     Mr. Moosa Claims the Largest Financial Interest.................................... 3

        C.     Mr. Moosa Satisfies Rule 23................................................................ 3

            1.     Mr. Moosa Satisfies the Typicality Requirement ............................ 4

            2.     Mr. Moosa Satisfies the Adequacy Requirement ............................ 4

        D.     Mr. Moosa's Choice of Counsel Should Be Approved ......................... 5

CONCLUSION..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
 269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................................ 1

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................................ 1

*Francisco v. Abengoa, S.A.*,
 No. 15 Civ. 6279 (ER), 2016WL 3004664  (S.D.N.Y. May 24, 2016) ..................................... 3

*Glavan v. Revolution Lighting Techs., Inc.*,
 No. 19-CV-980, 2019 WL 3406582 (S.D.N.Y. July 29, 2019) ................................................. 1

*Gutman v. Sillerman*,
 No. 15 Civ. 7192 (CM), 2015WL 13791788 (S.D.N.Y. Dec. 8, 2015)..................................... 3

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK)(PK),
 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ........................................................................... 4

*In re Drexel Burnham Lambert Group, Inc.*,
 960 F.2d 285 (2d Cir. 1992)....................................................................................................... 4

*In re eSpeed, Inc. Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................................. 1

*In re Star Gas Sec. Litig.*,
 2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005)............................................................... 2

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................................. 4

*Maliarov v. Eros Int'l PLC*,
 No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ..................................... 5

*Marsch v. Feng,*
 No. 12 Civ. 9456 (JSR), 2013 WL 3204193 (S.D.N.Y. June 12, 2013).................................... 5

*Peters v. Jinkosolar Holding Co.*,
 2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) ......................................................... 5

*Reimer v. Ambac Fin. Grp., Inc.*,
 2008 WL 2073931 (S.D.N.Y. May 9, 2008) .............................................................................. 3

*Richman v. Goldman Sachs Grp., Inc.*,
 274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................................... 3

*Xu v. Gridsum Holding, LLC*,
  No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sep. 17, 2018) ..................................... 4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)......................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 5

## PRELIMINARY STATEMENT

Before the Court are two motions seeking appointment as lead plaintiff and approval of selection of counsel in the above-captioned Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). The movants are: (1) Charles Moosa ("Moosa" or "Movant"); and (2) Mark Rodgers ("Rodgers").[1] Mr. Moosa must be appointed as lead plaintiff because he has the largest financial interest in the relief requested among the competing movants, otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and there is no ***proof*** of his atypicality or inadequacy to rebut the strong presumption afforded to him by the PSLRA.

## INTRODUCTION

Pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant who has the largest financial interest in the litigation who has also made a showing that he, she, or it is both an adequate and typical class representative pursuant to the Rule 23. *See generally*, *Glavan v. Revolution Lighting Techs., Inc*., No. 19-CV-980, 2019 WL 3406582, at *2-3 (S.D.N.Y. July 29, 2019).[2] Mr. Moosa clearly claims the largest financial interest here:

| **Movant** | **Claimed Losses**[3] |
|---|---|
| Mr. Moosa | $328,543.69 |
| ~~Bhuva~~ | ~~$197,198~~ |
| Rodgers | $63,821.09 |

---

[1] In addition, Rajiv H. Bhuva ("Bhuva") also filed a motion seeking lead plaintiff appointment, but subsequently filed a notice of non-opposition recognizing that "Bhuva does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." *See* Dkt. No. 18.

[2] Unless otherwise noted, all internal citations and quotations are omitted and all emphasis is added.

[3] "Last-in-first-out" or LIFO losses shown. *See In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases."); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) ("While the PSLRA does not address which method of loss calculation should be employed, courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011) (same). The loss figures for Bhuva and Rodgers were taken from each competing movants' opening memorandums of law. *See* Dkt. No. 11 at 5 (Rodgers claiming loss of $63,821.09); *see also* Dkt. No. 15 at 6 (Bhuva claiming LIFO losses of $197,198).

1

Mr. Moosa's lost approximately ***66% more*** than Bhuva, the movant with the next highest financial interest in the litigation, who has already informed the Court that they do not claim the largest financial interest.

As demonstrated in his opening motion, Mr. Moosa is both typical and adequate to represent the interests of the class and has also chosen qualified lead counsel in Levi & Korsinsky, LLP ("Levi & Korsinsky"). Mr. Moosa's catastrophic loss and showing of typicality and adequacy trigger the PSLRA's strong presumption in favor of appointing him as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). This presumption may only be rebutted with ***proof*** that Mr. Moosa is inadequate or atypical. *Id*. As no such proof exists here, Mr. Moosa must be appointed as lead plaintiff.

**ARGUMENT**

### I.    Mr. Moosa Should Be Appointed As Lead Plaintiff

#### A.    Legal Standards

In deciding who to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest and appoint the movant with "largest financial interest in the relief sought by the class" who also "otherwise satisfies the requirements" of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii); *see also In re Star Gas Sec. Litig.,* 2005 U.S. Dist. LEXIS 5827, at *8 (D. Conn. Apr. 8, 2005) (explaining that "the Court should not undertake a comprehensive review of all the lead plaintiff motions at once. Rather, the Court should consider the motions sequentially, from greatest to smallest loss. . . ."). Once identified, the movant with the largest financial interest must be appointed lead plaintiff, unless a competing movant produces proof to the presumption.

### B.    Mr. Moosa Claims the Largest Financial Interest

Mr. Moosa claims, without a doubt, the largest financial interest in the relief sought in this Action. Courts in this District have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest. . . ."); *Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016) ("courts have consistently held that . . . the magnitude of the loss suffered, is most significant."); *Gutman v. Sillerman*, No. 15 Civ. 7192 (CM), 2015 WL 13791788, at *4 (S.D.N.Y. Dec. 8, 2015) (same). As the following table demonstrates, Mr. Moosa lost *over* $300,000, more than any competing movant before the Court:

| Movant | Claimed Losses |
|---|---|
| Mr. Moosa | $328,543.69 |
| ~~Bhuva~~ | ~~$197,198~~ |
| Rodgers | $63,821.09 |

As a result of the foregoing, Mr. Moosa has the largest financial interest in the relief sought by the Class and is the presumptive Lead Plaintiff in this Action. As explained below, this presumption cannot be rebutted.

### C.    Mr. Moosa Satisfies Rule 23

Mr. Moosa has the largest financial interest of any movant before the Court. Mr. Moosa also easily satisfies the typicality and adequacy provisions of Rule 23. A lead plaintiff's claims are typical with the claims of the class if they purchased artificially-inflated shares during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (citing *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when

each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that: (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Here, Mr. Moosa satisfies both the typicality and adequacy prongs of Rule 23, and should be appointed as lead plaintiff.

### 1.    Mr. Moosa Satisfies the Typicality Requirement

There can be no dispute that the Mr. Moosa satisfies the typicality requirement. Mr. Moosa: (1) purchased Valaris shares during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result.

Because of this, Mr. Moosa's claims are substantially similar, if not identical, to those of the other Class members who purchased Valaris shares during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK)(PK), 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017) (typicality satisfied where movant's claims arise "out of the course of events alleged in the Complaint and do not differ with regard to how Defendants' liability would be proved."); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *4 (S.D.N.Y. Sep. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2.    Mr. Moosa Satisfies the Adequacy Requirement

Mr. Moosa readily satisfies the adequacy requirement of Rule 23. Levi & Korsinsky, proposed Lead Counsel for the Class, are highly experienced in securities class actions and are

4

well qualified to litigate the Action on behalf of the Class. *See* Dkt. No. 8-4 (firm résumé of Levi & Korsinsky). Moreover, Mr. Moosa has no conflicts with absentee Class members and is highly motivated to recover his losses of over $300,000. *See Marsch v. Feng,* No. 12 Civ. 9456 (JSR), 2013 WL 3204193, at *2 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class."); *see also Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at *34 (S.D.N.Y. Mar. 19, 2012) (movant adequate where it has no conflicts with proposed class and has retained qualified counsel).

### D.    Mr. Moosa's Choice of Counsel Should Be Approved

The Court should also approve Mr. Moosa's selection of Levi & Korsinsky as Lead Counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *7 (S.D.N.Y. Apr. 5, 2016). The attorneys at Levi & Korsinsky are highly experienced in securities and class action litigation and will prosecute the Action effectively and expeditiously. *See* Dkt. No. 8-4 (firm résumé of Levi & Korsinsky).

### CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of counsel, Levi & Korsinsky, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: November 4, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By*: /s/ Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Movant and [Proposed]
Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 4, 2019.

Dated: November 4, 2019                    /s/ *Shannon L. Hopkins*
                                                Shannon L. Hopkins