**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIAOYUAN ZHANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALARIS PLC, THOMAS BURKE, and JONATHAN H. BAKSHT, <br><br> Defendants | Case No.: 1:19cv7816-NRB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ALTERNATIVE SERVICE AND EXTENSION**
**OF TIME TO SERVE DEFENDANTS**

TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................ 2

II.   STATEMENT OF FACTS ...................................................................................... 4

III.  ARGUMENT .......................................................................................................... 6

   A.  Plaintiff's Request For Alternative Service Should Be Granted ........................ 7

      i.   Alternative Service on Valaris and Defendant Burke Pursuant to Rule 4(f)(3) Is
           Appropriate ................................................................................................... 7

      ii.  Alternative Service On Defendant Baksht Pursuant to Rule 4(e)(1) Is Appropriate.... 9

      iii. The Proposed Alternative Methods of Service are Appropriate and Comport with
           Due Process ................................................................................................ 12

         1.  Service on defendant Burke and Valaris' General Counsel Through Email Is An
             Appropriate Alternative That Comports With Due Process ................................ 13

         2.  Service On Defendant Baksht Through Email and Certified Mail Satisfies Due
             Process ..................................................................................................... 14

         3.  Service on Valaris' U.S. Based Counsel Is Appropriate and Satisfies Due Process
             15

         4.  Service on Defendants by Publication in The Daily Telegraph, Business Wire, and
             Oil and Gas Journal Is An Appropriate Means of Service.................................... 17

   B.  Plaintiff's Request For an Extension of Time to Serve Defendants Should Be Granted . 19

      i.   Courts Routinely Exercise Their Discretion to Grant Extensions of Time to Serve
           Foreign Defendants ...................................................................................... 19

      ii.  An Extension of An Additional 60 Days to Serve the Foreign Defendants is Consistent
           with the Time Needed to Complete Service Through Publication .............................. 20

      iii. Good Cause Exists for an Extension of Time to Serve the Individual Defendants ...... 21

IV.   CONCLUSION...................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**

*BMO Harris Bank NA v. DVS Freight LLC*,
2020 U.S. Dist. LEXIS 57317 (E.D. Wis. Mar. 30, 2020) ...................................................... 15

*BP Prods. N. Am. v. Dagra,*
236 F.R.D. 270 (E.D. Va. 2006) ..................................................................................... 18, 20

*Burda Media, Inc. v. Blumenberg*,
2004 U.S. Dist. LEXIS 8804 (S.D.N.Y. May 18, 2004) ........................................................ 19

*Charles v. New York City Police Dep't,*
1999 U.S. Dist. Lexis 14274 (S.D.N.Y. Sept. 15, 1999) ...................................................... 19

*Cheetah Mobile, Inc. v. APUS Grp.*,
2016 U.S. Dist. LEXIS 98935 (N.D. Cal. July 28, 2016)...................................................... 15

*Clarke v. Intercontinental Hotels Grps.,*
2013 U.S. Dist. LEXIS 76208 (S.D.N.Y. May 30, 2013) ...................................................... 22

*Facebook, Inc. v. Banana Ads, LLC*,
2012 U.S. Dist. LEXIS 42160 (N.D. Cal. Mar. 27, 2012)................................................. 11, 14

*Feingold v. Hankin*,
269 F. Supp. 2d 268 (S.D.N.Y. 2003)..................................................................................... 21

*FTC v. PCCare247 Inc.,*
2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) ................................................. 13, 14

*FTC v. Pecon Software Ltd.,*
2013 U.S. Dist. LEXIS 111375 (S.D.N.Y. Aug. 7, 2013) ........................................................ 9

*Global Impex, Inc. v. Specialty Fibres LLC*,
77 F. Supp. 3d 1268 (N.D. Ga. 2015)................................................................................ 11, 14

*Holiday Sys. Int'l of Nev. v. Vivarelli, Schwarz & Assocs., S.A.*,
2010 U.S. Dist. LEXIS 92468 (D. Nev. Aug. 6, 2010) ..................................................... 19, 22

*Idingo Ltd. Liab. Co. v. Cohen*,
2017 U.S. Dist. LEXIS 1530 (D.N.J. Jan. 4, 2017) .......................................................... 20, 22

*In re BRF S.A. Sec. Litig.,*
2019 U.S. Dist. LEXIS 9018 (S.D.N.Y. Jan. 18, 2019) ..................................................... 9, 12

*In re GLG Life Tech Corp. Sec. Litig.,*
287 F.R.D. 262 (S.D.N.Y. 2010) ................................................................................. 7, 15, 16

*Karimi v. Poker Media Sys. SAS*,
  2013 U.S. Dist. LEXIS 112587 (D. Nev. Aug. 8, 2013) ..................................................... 19, 22

*Knit With v. Knitting Fever, Inc.*,
  2010 U.S. Dist. LEXIS 129870 (E.D. Pa. Dec. 7, 2010 ........................................................ 17

*Kulpa v. Jackson*,
  3 Misc. 3d 227, 773 N.Y.S.2d 235 (Sup. Ct. 2004)..................................................... 20

*Likas v. ChinaCache Int'l Holdings Ltd., et al.*,
  No. 2:19-cv-6942, Dkt No. 35 (C.D. Cal. Jan. 29, 2020) .......................................... 9

*Lucas v. Natoli*,
  936 F.2d 432 (9th Cir. 1991) ......................................................................... 19

*Moreira v. Ministerio De Economia Y Produccion De La Republica Arg.*,
  2011 U.S. Dist. LEXIS 2594 (S.D.N.Y. Jan. 6, 2011) ............................................. 21

*Morningstar v. Dejun*,
  2013 WL 502474 (C.D. Cal. Feb. 8, 2013)............................................................. 15

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)............................................................................ 12, 14, 17

*NYKCool A.B. v. Pac. Int'l Servs., Inc.*,
  2015 U.S. Dist. LEXIS 27434 (S.D.N.Y. Mar. 5, 2015) ............................................ 7

*Philip Morris USA Inc. v. Veles Ltd.*,
  2007 U.S. Dist. LEXIS 19780 (S.D.N.Y. Mar. 12, 2007) ........................................ 12, 13, 14

  2013 U.S. Dist. LEXIS 105045 (S.D.N.Y. July 8, 2013) ............................................ 17

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*,
  2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011)............................................ 8

*SEC v. Anticevic,* No. 05 CV 6991 (KMW),
  2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009)................................................ 7, 17, 18

*SEC v. Nnebe*,
  2003 U.S. Dist. LEXIS 2443 (S.D.N.Y. Feb. 19, 2003)........................................... 17

*SEC v. Tome*,
  833 F.2d 1086 (2d. Cir. 1987)........................................................................ 17

*Skullcandy, Inc. v. Sterling*,
  2019 U.S. Dist. LEXIS 118489 (D. Utah July 16, 2019) ...................................... 11, 14

*Smith v. Islamic Emirate of Afg.,*
2001 U.S. Dist. LEXIS 21712 (S.D.N.Y. Dec. 26, 2001) ........................................................ 17

*U.S. v. Lebanese Canadian Bank SAL,*
285 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................................... 8

*United States CFTC v. Aliaga*,
272 F.R.D. 617 (S.D. Fla. 2011) ........................................................................................... 17

*United States SEC v. Gutierrez,*
2020 U.S. Dist. LEXIS 48512 (S.D. Cal. Mar. 19, 2020) ................................................. 15, 16

*United States v. Besneli,*
2015 U.S. Dist. LEXIS 106373 (S.D.N.Y Aug. 12, 2015) ........................................................ 17

*United States v. Machat,*
2009 U.S. Dist. LEXIS 87000 (S.D.N.Y Sept. 21, 2009) .................................................. 13, 14

*Vanderhoef v. China Auto Logistics Inc.*,
2019 U.S. Dist. LEXIS 205798 (D.N.J. Nov. 26, 2019) .......................................................... 16

*Vantone Grp. L.L.C. v. Yangpu NGT Indus. Co.,*
2016 U.S. Dist. Lexis 92180 (S.D.N.Y. July 15, 2016) .......................................................... 19

*Wash. State Inv. Bd. V. Odebrecht S.A.,*
2018 U.S. Dist. Lexis 163356 (S.D.N.Y. Sept. 21, 2018) ........................................................ 7

*Williams-Sonoma Inc. v. Friendfinder Inc.,*
2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007) ........................................................ 13

*Wolberg v. IAI N. Am., Inc.*,
2017 NY Slip Op 32465(U) (Sup. Ct.) .................................................................................. 20

*Zhang v. Baidu.Com Inc.*,
293 F.R.D. 508 (S.D.N.Y. 2013) ....................................................................................... 7, 8

## Rules

Fed. R. Civ. P. Rule 4(h)(2) .................................................................................................. 6

Texas Rules of Civil Procedure 106(b)(2) ............................................................................. passim

Lead Plaintiff Charles Moosa ("Plaintiff") respectfully submits this memorandum of law in support of his motion for an order, pursuant to Federal Rules of Civil Procedure ("Rule") 4(f)(3) and 4(e)(1): (1) directing alternative service of process of the summons and complaint (the "Complaint") in this action on defendants Valaris PLC ("Valaris" or  the "Company"), Thomas Burke ("Burke"), and Jonathan Baksht ("Baksht", and collectively, "Defendants"); and (2) extending the time allowed under Federal Rule of Civil Procedure 4(f)(1) to effect service.

Valaris, the Company's Chief Executive Officer ("CEO"), Thomas Burke, and its Chief Financial Officer ("CFO"), Jonathan Baksht, are currently named as defendants in this lawsuit. Both Valaris and defendant Burke are located in London, England while defendant Baksht resides in Houston, Texas. After being appointed Lead Plaintiff in this Action on December 23 2019, Plaintiff, through his counsel, began efforts to serve all named Defendants in this case. In the interest of efficiency and to conserve costs, Plaintiff ceased efforts to serve individual defendants Burke and Baksht shortly after initiating service based upon a representation from counsel for Valaris that once the Company was served through the Hague Convention (the "Hague"), defendants Burke and Baksht would waive service. *See* Exhibit 1 to the Declaration of Shannon L. Hopkins filed herewith ("Hopkins Decl."). Since January of 2020, Plaintiff has made several attempts to serve Valaris through the Hague but those attempts have been unsuccessful due to the COVID-19 pandemic.

Accordingly, Plaintiff proposes as an alternative method of service for Defendants service through the following means: (1) emails to defendant Burke and Valaris' general counsel, Michael McGuinty; (2) email and certified mail, return receipt requested, to defendant Baksht; (3) service through email and certified mail to Valaris' U.S. based counsel, Brian Lutz from Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), who has appeared on behalf of Valaris in this case by filing a

1

stipulation on Valaris' behalf; and (4) publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal.

Plaintiff requests an extension of sixty (60) days to effect service through these alternative methods. Counsel for Valaris has indicated that Defendants intend to oppose this motion and that if Valaris is served by means other than the Hague, defendants Burke and Baksht will no longer waive service once the Company is served. Hopkins Decl. Exhibit 1.

## I.      PRELIMINARY STATEMENT

Since January 2020, Plaintiff has attempted to serve the Complaint on Defendants through process servers in the United States as well as through the Hague. It has been nearly four months since Plaintiff has attempted service through the Hague. It is clear that Valaris knows about this action through their counsel, Gibson Dunn, who entered into a stipulation on behalf of Valaris that was filed with the Court on November 15, 2019. Dkt. No. 22. Gibson Dunn has also been in communication with Plaintiff's lawyers since January 7, 2020, when Gibson Dunn informed Plaintiff that Valaris would not waive service and that Plaintiff should effectuate service through the Hague. Gibson Dunn also represented on January 16, 2020 that defendants Burke and Baksht would waive service once Valaris was served through the Hague. Hopkins Decl. Exhibit 1

Since January 2020, Plaintiff has diligently attempted to serve Valaris through the Hague, but due to the global Coronavirus pandemic the Company has yet to be served. On March 30, 2020, Plaintiff emailed the United Kingdom Central Authority ("Central Authority") and were informed that the Central Authority was closed, as of at least March 25, 2020, due to the Coronavirus pandemic. *See* Hopkins Decl., Exhibit 2. Upon information and believe, the foreign process serving section of the Central Authority remains closed as of the filing of this motion. The United Kingdom has also directed its citizens to remain home. Thus, there are likely no process

servers to effectuate service, and no person present at Valaris' headquarters located at 110 Cannon Street, London, England to accept service.

Despite previously agreeing to waive service for defendants Baksht and Burke once Valaris was served, on April 20, 2020, Gibson Dunn represented to Plaintiff's counsel that the same waiver would not apply if Valaris was served through means other than the Hague. Hopkins Decl. Exhibit 1. Because defendant Burke resides in the United Kingdom, however, service through the Hague is impossible for the same reasons specified above for Valaris.

While Defendant Baksht maintains a residence located in Houston, Texas, service through conventional means are also impossible due to the Coronavirus pandemic. On March 31, 2020, the governor of Texas issued an Executive Order GA-14, mandating social-distancing restrictions and encouraging all Texans to stay at home except for essential activities.[1] On April 17, 2020, Executive Order GA-14 was replaced by Executive Order GA-16, which "generally continues to mandate the same social-distancing restrictions and other obligations for Texans according to federal guidelines." *Id.* Due to social distancing and the threat of COVID-19, process servers are not currently operating and therefore are not available to serve defendant Baksht at his Texas residence. Hopkins Decl. Exhibit 1.

It is currently unknown how long the Coronavirus will remain a threat but there is speculation the threat could last months or even years, which would continue to preclude service from being effectuated through the Hague or process servers. Further continued undue delay in service will also lead to the risk of lost evidence as this litigation has already been ongoing for eight months. Rule 4(f)(3) permits alternative means of service of process on foreign defendants Valaris and defendant Burke and the Court is "afforded wide discretion in ordering" such service.

---

[1]   Texas   Executive   Order   GA-17,   *available   at*   https://gov.texas.gov/uploads/files/press/EO-GA-17_Open_Texas_Strike_Force_COVID-19_IMAGE_04-17-2020.pdf

3

Similarly, Rule 4(e)(1) permits service of process through alternative means on domestically located defendant Baksht when "following state law." Under the Texas Rules of Civil Procedure 106(b)(2), with court approval, service may be effected when "reasonably effective to give the defendant notice of the suit." Under Texas Rules of Civil Procedure 106(a)(2), service may also be effected through certified mail, return receipt requested.

For the reasons detailed herein, Plaintiff respectfully submits that service by alternative means is now appropriate, through: (i) emails to defendant Burke (Valaris' CEO) and Valaris' general counsel, Michael McGuinty; (ii) email and certified service, return receipt requested, to defendant Baksht (Valaris' CFO); (iii) email and certified mail to Valaris' U.S. based counsel, Gibson Dunn; and (iv) publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal.

## II.    STATEMENT OF FACTS

Plaintiff Xaioyuan Zhang filed this securities class action suit on August 20, 2019 asserting claims against Defendants for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder on behalf of all of those who purchased or otherwise acquired Valaris securities between April 11, 2019 and July 31, 2019. Valaris is headquartered in London, England.

The Complaint alleges that during the relevant period, the Defendants made materially false and misleading statements regarding Valaris' business and operational and compliance policies. On July 31, 2019, Valaris reported its second quarter 2019 financial results – its first earnings report post-merger reflecting the results of the combined company – which missed market expectations causing Valaris' stock to significantly drop.

On December 23, 2019, Charles Moosa was appointed lead plaintiff in the action.

4

On January 7, 2020, Valaris' counsel, Gibson Dunn, informed Plaintiff's counsel that the original service of summons for Valaris made by Zhang's counsel was sent to the wrong entity and was therefore not effective service. Gibson Dunn also represented that Valaris would not waive its right to service. Since that time, Plaintiff has diligently attempted to serve the Defendants. Plaintiff mailed the summons and complaint to the Hague via FedEx on January 15, 2020 to be served on Valaris and defendant Burke. That same day, Plaintiff sent the summons and complaint to a process server to be served on defendant Baksht at his Houston, Texas residence. Hopkins Decl. Exhibit 1.

On January 16, 2020, before service had been completed on any defendant, Gibson Dunn represented that defendants Burke and Baksht would waive service once Valaris was served through the Hague. Hopkins Decl. Exhibit 1. Accordingly, at that time, Plaintiff ceased efforts to serve defendants Burke and Baksht individually.

On January 20, 2020, Plaintiff received notification from FedEx that the summons and complaint were delivered to the Hague. On January 29, 2020, the documents were returned to Plaintiff requesting that they be resent with duplicate copies of the materials. Plaintiff mailed the summons and complaint, to be served on Valaris, with duplicate copies to the Hague on January 30, 2020 via FedEx, which arrived on February 4, 2020.

On March 13, 2020, the HMCTS Royal Courts of Justice London confirmed with Plaintiff that the complaint and summons had been sent out for service with a bailiff, but that service had not yet been made. Hopkins Decl. Exhibit 2.

On March 30, 2020, Plaintiff reached out to the Central Authority for an update and the Central Authority informed the Plaintiff that due to the Coronovirus pandemic the Central Authority was closed and would remain closed "until further notice." Hopkins Decl. Exhibit 2.

On April 20, 2020, Gibson Dunn represented that defendants Burke and Baksht would not waive service if Valaris was not served through the Hague. Hopkins Decl. Exhibit 1.

The Court has granted Plaintiff two extensions of time to serve Defendants through the Hague, most recently granting Plaintiff until April 20, 2020 to effect service. *See* Dkt. No. 33 and March 17, 2020 Memorandum to the Docket Clerk.

## III.    ARGUMENT

Plaintiff has attempted to serve Valaris with the summons and Complaint for nearly four months, but those attempts have failed thus far. With the Central Authority closed "until further notice" and citizens of the United Kingdom under directive to remain home, all due to the Coronavirus pandemic, effective service on Valaris will be impossible through the Hague for an indeterminate amount of time. Similarly, although Plaintiff previously ceased attempts to serve defendants Burke and Baksht based on Gibson Dunn's representation that they would waive service once Valaris was served, Gibson Dunn informed Plaintiff's counsel the day of this filing that Burke and Baksht will no longer waive service if Valaris is served through means other than the Hague, putting Plaintiff in an impossible position. Because Burke resides in the United Kingdom, it is impossible to serve him through the Hague at this time. Similarly, because the United States is under directives to remain home and social distance, and with process serving companies closed, it is equally impossible to serve Baksht through ordinary means.

For these reasons, and those detailed below, Plaintiff respectfully requests that this motion be granted, alternative service be authorized so the matter can proceed without further undue delay, and Plaintiff be afforded sixty (60) days to effect alternative service.

### A. Plaintiff's Request For Alternative Service Should Be Granted

#### i. Alternative Service on Valaris and Defendant Burke Pursuant to Rule 4(f)(3) Is Appropriate

Pursuant to Rule 4(f), an individual in a foreign country may be served: (1) by any internationally agreed means, *i.e.*, pursuant to the Hague; (2) in absence of any internationally agreed means, by a method reasonably calculated to give notice; or (3) "by other means not prohibited by international agreement, as the court orders." Rule 4(h)(2) provides that service of process on a foreign corporation shall be "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Rule 4(f)(3) grants courts "wide discretion" in ordering alternative service by any means that gives a defendant constitutional notice of the action. *SEC v. Anticevic,* 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). *See also Morse v. Levine,* 2019 U.S. Dist. LEXIS 219277, at *10 (S.D.N.Y. Dec. 19, 2019) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."); *In re GLG Life Tech Corp. Sec. Litig.,* 287 F.R.D. 262, 265 (S.D.N.Y. 2010) (same). "[I]t is not necessary to exhaust or demonstrate the impossibility of service under Rule 4(f)(1)-(2) before resorting to service under Rule 4(f)(3)." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 27434, at *9-10 (S.D.N.Y. Mar. 5, 2015). Thus, it is not even required that service first be attempted by other means, such as Plaintiff has done here. *Wash. State Inv. Bd. V. Odebrecht S.A.,* 2018 U.S. Dist. Lexis 163356, at *8-9 (S.D.N.Y. Sept. 21, 2018) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).")(emphasis in original); *Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013) ("it should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2), and, if so, whether or why such service was unsuccessful"); *U.S. v. Lebanese Canadian*

7

*Bank SAL,* 285 F.R.D. 262, 265 (S.D.N.Y. 2012) (there is "no hierarchy among the subsections of Rule 4(f)").

Here, Plaintiff has attempted to serve Valaris and defendant Burke,[2] through the Hague for approximately four months. Due to unforeseen factors beyond the Plaintiff's control, effective service through the Hague is currently impossible due to the Coronavirus pandemic. On March 24, 2020 British Prime Minister Boris Johnson issued a stay-at-home order for the entirety of the United Kingdom banning residents from leaving their homes except for a few limited reasons.[3] While the initial expectation was that the lockdown was supposed to end by mid-April 2020, the lockdown is now expected to be in effect until at least May but could likely last longer.[4]

On March 30, 2020, Plaintiff reached out to the Central Authority via email regarding the status of service on Valaris. Hopkins Decl. Exhibit 2 A Central Authority employee responded via email, stating that the "Foreign Process Offices are closed and unmanned until further notice" and attached a Queen's Bench Court issued a Coronavirus Bulletin declaring as such. Hopkins Decl. Exhibit 2.

Alternative service is appropriate here where Plaintiff has made several unsuccessful attempts at service on Valaris and defendant Burke, although not required, through the Hague. *See Richmond Techs., Inc. v. Aumtech Bus. Sols.,* 2011 U.S. Dist. LEXIS 71269, at *40-41 (N.D. Cal. July 1, 2011) ("numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies")(citing cases); *Baidu Com,* 293 F.R.D. at 512; *FTC v. Pecon*

---

[2] While Plaintiff ceased efforts to serve defendant Burke individually on January 16, 2020, Gibson Dunn represented that once Valaris was served then defendant Burke agreed to accept service. Accordingly, Plaintiff's attempts to serve Valaris were equally attempts to serve defendant Burke.

[3] Rob Picheta, "Boris Johnson issues stay-at-home order, sending UK into lockdown to fight coronavirus pandemic," CNN (March 24, 2020), available at https://www.cnn.com/2020/03/23/uk/uk-coronavirus-lockdown-gbr-intl/index.html; Gov.UK, https://www.gov.uk/coronavirus (last visited April 20, 2020).

[4] "Lockdowns in France and U.K. Expected to Last Into Next Month," THE N.Y. TIMES (April 13, 2020), available at https://www.nytimes.com/2020/04/13/world/coronavirus-news-world-international-global.html.

*Software Ltd.,* 2013 U.S. Dist. LEXIS 111375 (S.D.N.Y. Aug. 7, 2013) (permitting alternative service on defendants in India, a Hague signatory). *See also* Hopkins Decl. Exhibit 4, *Likas v. ChinaCache Int'l Holdings Ltd., et al.,* No. 2:19-cv-6942, Dkt No. 35, at 2, 4 (C.D. Cal. Jan. 29, 2020) (order permitting alternative service of process on a Chinese company and company officer through company's U.S. counsel and company's email address after a failed attempt was made via the Hague).

Further, the notes of the advisory committee make clear that alternative service can be used when a "signatory state was dilatory…for substantive reasons." *See* Rule 4 Notes of Advisory Committee on Rules – 1993 Amendment. In this case, the substantive reason preventing the Central Authority from effectuating service is the Coronavirus pandemic. Given the stay-at-home order in the United Kingdom, the Foreign Process section of the Hague is closed and traditional service methods are impossible. Thus, alternative means of service on Valaris and defendant Burke should be permitted.

Additionally, alternative service is appropriate at this time to avoid undue delay and expense, and to prevent the potential risk of lost critical evidence and testimony due to the passage of time. *In re BRF S.A. Sec. Litig.,* 2019 U.S. Dist. LEXIS 9018, at *11 (S.D.N.Y. Jan. 18, 2019) (permitting alternative service and noting the likely 18 month delay of case if not permitted, stating: "Even a shorter delay could prolong resolution and complicate the progress of this case.").

### ii. Alternative Service On Defendant Baksht Pursuant to Rule 4(e)(1) Is Appropriate

Pursuant to Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In this case, service is being made in Texas where defendant Baksht resides. Pursuant to Texas Rule of Civil Procedure 106, service may be made by certified

9

mail, return receipt requested, or, if in-person service is unsuccessful, service may also be made

"in any other manner . . . [that] will be reasonably effective to give the defendant notice of the

suit." Specifically, Texas Rule of Civil Procedure 106 states as follows:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>> (2) ***mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.***
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>> (2) ***in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit***.

(emphasis added).[5] Here, Plaintiff proposes to effect service under Texas Rules of Civil Procedure

106(a)(2) by mailing defendant Baksht a copy of the summons and complaint by certified mail,

return receipt requested, to his Houston, Texas residence.

Plaintiff further proposes to effect service under Texas Rule of Civil Procedure 106(b)(2)

through email to defendant Baksht's Valaris email address. Service under 106(b)(2) is appropriate

because Plaintiff's attempts to serve defendant Baksht in-person through a process server under

106(a)(1) have failed. Specifically, on January 15, 2020, Plaintiff sent the summons and complaint

to a process server to effect service on defendant Baksht. Hopkins Decl. Exhibit 1. Plaintiff was

notified by the process server on January 16, 2020 that the process server had located defendant

---

[5] Citation means to give "legal notice to the other side that you have filed your case." http://www.texascourthelp.org/civil/what-is-service-of-citation.aspx#.Xp4SYchKjIU

Baksht's residence and had been informed by the housekeeper that defendant Baksht was not home but he did in fact reside there. Hopkins Decl. Exhibit 1.

On January 16, 2020, Gibson Dunn informed Plaintiff's counsel that defendant Baksht would accept service once Valaris was served. Hopkins Decl. Exhibit 1. Given this understanding, Plaintiff told the process server that service was no longer necessary on defendant Baksht. As described above, Plaintiff unsuccessfully attempted service on Valaris, and accordingly Baksht, through the Hague. As described above, these efforts are no longer possible given the Coronavirus pandemic, which has resulted in the closure of the foreign process section.

In-person service of Baksht is also no longer possible because process servers in Texas are not operating due to COVID-19. On March 31, 2020, the governor of Texas issued Executive Order GA-14, mandating social-distancing restrictions and encouraging all Texans to stay at home except for essential activities.[6] On April 17, 2020, Executive Order GA-14 was replaced by Executive Order GA-17, which "generally continues to mandate the same social-distancing restrictions and other obligations for Texans according to federal guidelines." *Id.* Counsel has been informed by its process server that it is closed until further notice. Hopkins Decl. Exhibit 1. Accordingly, due to social distancing and the threat of COVID-19, process servers are not operating and in-person service of defendant Baksht at his Texas residence is not possible. Under such circumstances, service by email is appropriate. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *9 (N.D. Cal. Mar. 27, 2012) (authorizing service by email under Rule 4(e)(1)); *Global Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1271 (N.D. Ga. 2015) (permitting service through business email); *Skullcandy, Inc. v. Sterling*, 2019 U.S. Dist. LEXIS 118489, at *2-3 (D. Utah July 16, 2019) (permitting service through Amazon email messaging

---

[6]    Texas    Executive    Order    GA-17,    *available    at*    https://gov.texas.gov/uploads/files/press/EO-GA-17_Open_Texas_Strike_Force_COVID-19_IMAGE_04-17-2020.pdf

service).

### iii. The Proposed Alternative Methods of Service are Appropriate and Comport with Due Process

Rule 4(f)(3) permits service on Valaris and defendant Burke "by other means not prohibited by international agreement, as the court orders." Further, "'[n]o one form of substitute service is favored over any other so long as the method chosen is reasonably calculated…to give defendant actual notice', and in fashioning substitute service on a defendant located abroad, a court should 'tailor the manner of service to fit the necessities' of a particular case." *BRF*, 2019 U.S. Dist. LEXIS 9018, at *12. Similarly, Rule 4(e)(1), permits service on defendant Baksht by any means permitted under Texas law. Texas Rule of Civil Procedure 106(b)(2) allows alternate service that is "reasonably effective to give the defendant notice of the suit."

"[T]he Constitution itself does not specify or require any particular means of service of process." *Philip Morris USA Inc. v. Veles Ltd.,* 2007 U.S. Dist. LEXIS 19780, at *8 (S.D.N.Y. Mar. 12, 2007). Rather, the Due Process clause of the 14th Amendment only requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff proposes as the alternative methods of service for Defendants, service through: (i) email to defendant Burke and Valaris' general counsel; (ii) email and certified mail to defendant Baksht; (iii) service on Valaris' U.S. based counsel, Gibson Dunn, through email and certified mail; and (iv) publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal. All of these methods have been routinely approved as adequate methods of alternative service that satisfy due process.

1. **Service on defendant Burke and Valaris' General Counsel Through Email Is An Appropriate Alternative That Comports With Due Process**

Through Valaris' public filings and Plaintiff's investigation, Plaintiff has obtained the Valaris company email addresses for defendant Burke (the CEO) and Michael McGuinty (general counsel). Valaris' filings with the U.S. Securities and Exchange Commission specifically identify Michael McGuinty's email address as michael.mcguinty@valaris.com. *See* Exhibit 10.1 to January 27, 2020 Definitive 14A filed with the SEC, available at https://www.sec.gov/Archives/edgar/data/314808/000110465920006955/tm205873d2_ex10-1.htm. The email address extender identified in Valaris' filings for general counsel (@valaris.com) matches the email designation for defendant Burke, which was located through Plaintiff's investigation.[7] Both email addresses are confirmed as working addresses through https://hunter.io/, a company which verifies the deliverability of company email addresses.

Courts have repeatedly found that service by email on a defendant through its email is an effective method for alternative service. *Philip Morris USA Inc. v. Veles Ltd.,* 2007 U.S. Dist. LEXIS 19780, at *3 (S.D.N.Y. Mar. 12, 2007) (service by email on foreign corporation acceptable); *FTC v. PCCare247 Inc.,* 2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 U.S. Dist. LEXIS 31299, at *2 (N.D. Cal. Apr. 17, 2007) (same); *United States v. Machat,* 2009 U.S. Dist. LEXIS 87000, at *12 (S.D.N.Y Sept. 21, 2009) (same).

Service through email to Valaris' CEO and general counsel also comports with the Due Process clause of the 14th Amendment as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

---

[7]Defendants Burke's emails is tom.burke@valaris.com.

13

their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Courts have found there is a high likelihood that defendants will receive and respond to email service. *See Philip Morris USA Inc. v. Veles Ltd.,* 2007 U.S. Dist. LEXIS 19780, at *9 (S.D.N.Y. Mar. 12, 2007) (service by email on foreign corporation acceptable where plaintiff  "amply demonstrated the high likelihood that defendants would receive and respond to email communications"); *FTC v. PCCare247 Inc.,* 2013 U.S. Dist. LEXIS 31969, at *12 (S.D.N.Y. Mar. 7, 2013) (service to director emails comports with due process); *United States v. Machat,* 2009 U.S. Dist. LEXIS 87000, at *4 (S.D.N.Y Sept. 21, 2009) (allowing service by email provided by family members even though the government had not received a response from the email address). Accordingly, service by email on the highest officers of Valaris, including its general counsel and CEO defendant, is an appropriate alternate method of service.

### 2. Service On Defendant Baksht Through Email and Certified Mail Satisfies Due Process

Through Plaintiff's investigation, counsel has obtained Defendant Baksht's email address. The email address extender identified in Valaris' filings for general counsel (@valaris.com) matches the email extender for defendant Baksht.[8] This email address is also confirmed as a working address through https://hunter.io/. Accordingly, for the same reasons identified above, email on defendant Baksht satisfies due process. *See also See Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *9 (N.D. Cal. Mar. 27, 2012) (finding "service by email is 'reasonably calculated to give actual notice' to the Domestic Defendants"); *Global Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1271 (N.D. Ga. 2015) (permitting service through business email address); *Skullcandy, Inc.*, 2019 U.S. Dist. LEXIS 118489, at *1-2 (permitting

---

[8]Defendant Baksht's email is jon.baksht@valaris.com.

14

service through Amazon email address).

Further, service through certified mail is explicitly identified as a proper means of service under Texas Rules of Civil Procedure 106(a)(2) and therefore there is no doubt that it satisfies due process. *See BMO Harris Bank NA v. DVS Freight LLC*, 2020 U.S. Dist. LEXIS 57317, at *5, 8 (E.D. Wis. Mar. 30, 2020) (permitting service by certified mail).

### 3. Service on Valaris' U.S. Based Counsel Is Appropriate and Satisfies Due Process

"Service upon a foreign defendants United States-based counsel is a common form of service under Rule 4(f)(3)." *United States SEC v. Gutierrez*, 2020 U.S. Dist. LEXIS 48512, at *5 (S.D. Cal. Mar. 19, 2020); *Id.* at 7 (permitting alternative service through email and overnight delivery to U.S. based counsel); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel."). Courts have found alternative service on U.S. based counsel particularly appropriate where, as here, the plaintiff has already spent time and resources attempting service through the Hague on foreign defendants. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)."); *Cheetah Mobile, Inc. v. APUS Grp.*, 2016 U.S. Dist. LEXIS 98935, at *7 (N.D. Cal. July 28, 2016) ("Service upon Defendant's U.S. counsel is particularly appropriate here because Plaintiffs have been attempting to serve Defendant [for over one year], both through personal service and the Hague Convention."); *Morningstar v. Dejun*, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) ("The case for alternative service is even stronger here, where Plaintiffs have attempted to serve the Foreign Defendants through the Hague Convention for over a year, with no success."); *Vanderhoef v. China Auto Logistics Inc.*, 2:18-cv-10174-CCC-SCM, 2019 U.S. Dist. LEXIS 205798, at *2, 8-9

15

(D.N.J. Nov. 26, 2019) (after four months of attempted service through the Hague, alternate service through U.S. based counsel was permitted).

Service through Gibson Dunn also comports with Due Process. It is indisputable that Defendants are apprised of the pendency of the action, as Valaris' U.S. based counsel has been in contact with Plaintiff's counsel regarding effectuating proper service and previously entered into a stipulation on behalf of Valaris that was filed with the Court. Specifically, Gibson Dunn, acting as counsel for Valaris, entered into a stipulation regarding Valaris' response to the Complaint in this action, which was filed with this Court on November 15, 2019 (Dkt. No. 22) and entered by the Court on November 18, 2019 (Dkt. No. 23). Since January 2, 2020, Plaintiff has also been communicating with Valaris' counsel, Gibson Dunn, via email and telephone, regarding service on all Defendants in this action. *See* Hopkins Decl. Exhibit 1. While Gibson Dunn stated it was not authorized to accept service on behalf of Valaris, Gibson Dunn represented that Valaris did not oppose the relief Plaintiff sought in Plaintiff's prior two motions for extension of time to effect service. Furthermore, Gibson Dunn is identified in Valaris' filings with the U.S. Securities and Exchange Commission ("SEC") as being "Ensco's [now Valaris] U.S legal advisor." Hopkins Decl. Exhibits 6, 7.

Courts have repeatedly found service of process on a defendant's attorney comports with Due Process where, as here, defendants have been in contact with counsel and even when defendant's counsel is not authorized to accept service. *United States SEC v. Gutierrez*, 2020 U.S. Dist. LEXIS 48512, at *7 (S.D. Cal. Mar. 19, 2020) (finding due process satisfied where defendants were in contact with U.S. based counsel and finding "[d]ue process does not require that individuals served on behalf of a foreign defendant have represented them in the past or have been authorized to accept service."); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267

16

(S.D.N.Y. 2012) (service on counsel was "virtually guaranteed to provide notice"). Accordingly, effecting service through Valaris' U.S. based counsel will properly result in notice to Defendants. *See Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 129870, at *10–11 (E.D. Pa. Dec. 7, 2010) (permitting service through counsel for defendant located in England noting that "[r]epeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."); *United States CFTC v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (service on individual defendant's counsel sufficient).

### 4. Service on Defendants by Publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal Is An Appropriate Means of Service

In addition to the aforementioned methods, Plaintiff also proposes to provide service by publication on all Defendants. Rule 4(f)(3) allows service by publication if the service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This Court has repeatedly found service by publication to be an acceptable method for service under Rule 4(f)(3). *See SEC v. Anticevic,* 2009 U.S. Dist. LEXIS 11480, at *13 (S.D.N.Y. Feb. 8, 2009); *SEC v. Tome,* 833 F.2d 1086, 1093 (2d. Cir. 1987); *SEC v. Nnebe*, 2003 U.S. Dist. LEXIS 2443, at *10-11 (S.D.N.Y. Feb. 19, 2003); *United States v. Besneli,* 2015 U.S. Dist. LEXIS 106373, at *5-6 (S.D.N.Y Aug. 12, 2015) ("Service by publication will serve as a sensible set of suspenders to go along with the belt provided by email"); *Rice Corp. v. Express Sea Transp. Corp.*, 2013 U.S. Dist. LEXIS 105045, at *6 (S.D.N.Y. July 8, 2013).  Service by publication is more likely to satisfy the *Mullane* standard in situations where the defendant already has actual knowledge of the suit, such as here. *Smith v. Islamic Emirate of Afg.,* 2001 U.S. Dist. LEXIS 21712 (S.D.N.Y. Dec. 26, 2001) (finding that the

17

likelihood that Bin Laden was aware that suits would be filed against him weighed in favor of permitting service by publication). Further, given the Coronavirus pandemic, it is even more likely that Defendants are monitoring the news.

Federal Courts may use forum state law to govern how service by publication is effectuated. *See BP Prods. N. Am. v. Dagra,* 236 F.R.D. 270 (E.D. Va. 2006). Service by publication under Rule 316 of New York Civil Practice Law and Rules requires:

> An order for service of a summons by publication shall direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought, and [] the sum of money for which judgment may be taken in case of default…in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks.

Rule 316 also requires the first publication of the summons occur within thirty days of the date of the order granting service by publication and service by publication must be completed by the 28th day after the day of first publication. This Court has adopted all elements of Rule 316. *See SEC v. Anticevic,* 2009 U.S. Dist. LEXIS 11480 at *13 (S.D.N.Y. Feb. 8, 2009).

Plaintiff proposes to publish the summons, notice to Defendants, a brief statement of the nature of the action and the relief sought in The Daily Telegraph, Business Wire, and the Oil and Gas Journal at least once a week for four consecutive weeks. The Daily Telegraph is a national British daily newspaper published in London and distributed across the United Kingdom and internationally. Business Wire is a U.S. based company that is a global leader in providing news and press releases worldwide. The Oil and Gas Journal was first published in 1902 and is the world's most widely read petroleum industry publication. The Oil and Gas Journal prints a new edition on the first of each month and releases weekly journals online. Accordingly, given Defendants have knowledge of this lawsuit through its counsel as discussed above, publication would more than satisfy due process. *SEC v. Anticevic,* 2009 U.S. Dist. LEXIS 11480, at *11

18

(S.D.N.Y. Feb. 8, 2009) (publication in "widely circulated" newspaper where defendant knew of lawsuit satisfied Due Process).

**B. Plaintiff's Request For an Extension of Time to Serve Defendants Should Be Granted**

    **i. Courts Routinely Exercise Their Discretion to Grant Extensions of Time to Serve Foreign Defendants**

While Federal Rule of Civil Procedure 4(m) generally requires a defendant to be served with the summons and complaint within ninety (90) days of the complaint being filed, these time limitations are inapplicable to service on an individual who resides in a foreign country. *See* Fed. R. Civ. P. 4(m) ("[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f)"); *see also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991). Rather, Federal Rule of Civil Procedure 4(f) governs service of individuals or entities that reside outside of the United States. Although Rule 4(f) does not contain an "express time limit for service," courts typically grant such requests for an "appropriate" period. *Vantone Grp. L.L.C. v. Yangpu NGT Indus. Co.,* 2016 U.S. Dist. Lexis 92180, at *14 (S.D.N.Y. July 15, 2016); *Charles v. New York City Police Dep't,* 1999 U.S. Dist. Lexis 14274, at *19 (S.D.N.Y. Sept. 15, 1999).

Courts, including this Court, routinely grant similar requests for an additional four to six months to serve foreign defendants under the Hague pursuant to Fed. R. Civ. P. 4(f)(1). *See, e.g.*, *Burda Media, Inc. v. Blumenberg*, 2004 U.S. Dist. LEXIS 8804, at *1-2 (S.D.N.Y. May 18, 2004) (granting two 120-day extensions to effect service in France); *Karimi v. Poker Media Sys. SAS*, 2013 U.S. Dist. LEXIS 112587, at *6 (D. Nev. Aug. 8, 2013) (granting additional 120 days to accomplish foreign service in France); *Holiday Sys. Int'l of Nev. v. Vivarelli, Schwarz & Assocs., S.A.*, 2010 U.S. Dist. LEXIS 92468, at *7 (D. Nev. Aug. 6, 2010) (granting a "period of at least ninety (90) days to effect service"); *Kulpa v. Jackson*, 3 Misc. 3d 227, 773 N.Y.S.2d 235 (Sup. Ct.

2004) (allocating a 90-day extension to serve defendants in the United Kingdom and an additional 30 days to file a proof of service from when the summons was received); *Wolberg v. IAI N. Am., Inc.*, 2017 NY Slip Op 32465(U) (Sup. Ct.) at *20 (granting 120-day extension to serve a defendant that resides in Israel); *Idingo Ltd. Liab. Co. v. Cohen*, 2017 U.S. Dist. LEXIS 1530, at *7-8 (D.N.J. Jan. 4, 2017) (noting courts have "granted Plaintiffs multiple months to serve Defendants in a foreign country under the Hague Convention.").

The United Kingdom, where Valaris is headquartered, is a signatory to the Hague Convention. Plaintiff attempted to effective service through the Hague pursuant to Fed. R. Civ. P. 4(f)(1).[9] Service on Valaris through the Hague would also result in service on all Defendants because counsel for Valaris represented that once Valaris was served through the Hague, defendants Burke and Baksht would also waive service. However, due to the ongoing COVID-19 pandemic, service through the Hague is impossible as the Central Authority is closed "until further notice." As described above, Plaintiff seeks to serve Defendants through alternative service through email, certified mail, and publication. Because publication through in The Daily Telegraph, Business Wire, and Oil and Gas Journal will require at least four weeks of publishing notice, Plaintiff requests an extension of sixty (60) days to effect service.

### ii.    An Extension of An Additional 60 Days to Serve the Foreign Defendants is Consistent with the Time Needed to Complete Service Through Publication

Federal Courts may use forum state law to govern how service by publication is effectuated. *See BP Prods. N. Am. v. Dagra,* 236 F.R.D. 270 (E.D. Va. 2006). Service by publication under Rule 316 of New York Civil Practice Law and Rules requires:

---

[9] "(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

An order for service of a summons by publication shall direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought, and [] the sum of money for which judgment may be taken in case of default…in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks.

Rule 316 also requires the first publication of the summons occur within thirty days of the date of the order granting service by publication and service by publication must be completed by the 28th day after the day of first publication.

Accordingly, based upon Plaintiff's efforts thus far, and given the global outbreak of COVID-19 (coronavirus) and the global reaction, which has caused many countries to issue travel and social restrictions and lockdowns, Plaintiff believes his request for an additional 60 days to effect service by publication is reasonable.

### iii.    Good Cause Exists for an Extension of Time to Serve the Individual Defendants

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if a plaintiff is unable to serve defendants within 90-days of the filing of a complaint, a court "must extend the time for service for an appropriate period," provided that good cause exists for such an extension. Fed. R. Civ. P. 4(m). Good cause exists "where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). Courts recognize that the standard timing rules shall not apply when serving foreign defendants because "the timeliness of foreign service is often out of the plaintiff's control." *Moreira v. Ministerio De Economia Y Produccion De La Republica Arg.*, 2011 U.S. Dist. LEXIS 2594, at *1-2 (S.D.N.Y. Jan. 6, 2011).

Here, Plaintiff has diligently attempted to complete service on the Defendants by: (1) corresponding with counsel for Defendant Valaris regarding accepting service on behalf of Valaris,

21

Burke and Baksht; (2) obtaining the Defendants' last known addresses; (3) beginning the necessary steps to perfect service under the Hague by mailing, via FedEx, the summons and complaint to the foreign authorities; (4) following up with the foreign authorities to receive an update on service; (5) initiating service on defendant Baksht in Texas; and (6) moving the Court for extensions of time to serve the Defendants through the Hague. *Karimi*, 2013 U.S. Dist. LEXIS 112587; *Holiday Sys. Int'l*, 2010 U.S. Dist. LEXIS 92468 at *6; *Clarke v. Intercontinental Hotels Grps.,* 2013 U.S. Dist. LEXIS 76208, at *39 (S.D.N.Y. May 30, 2013); *Idingo Ltd. Liab. Co.*, 2017 U.S. Dist. LEXIS 1530 at *14. Service through the Hague was not possible in this instance due to unforeseen global pandemic beyond Plaintiff's control.

Thus, Plaintiff has demonstrated good cause for an additional sixty (60) day extension to effect service through the Hague Convention.[10]

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order authorizing alternative service of process of the summons and Complaint on Defendants through: (i) emails to defendant Burke and Valaris' general counsel; (ii) email and certified mail to defendant Baksht; (iii) email and certified mail to Valaris' U.S. based counsel, Gibson Dunn; and (iv) service by publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal.

Dated: April 20, 2020                             Respectfully submitted,

                                                **LEVI & KORSINSKY, LLP**
                                                */s/ Shannon L. Hopkins*
                                                Shannon L. Hopkins
                                                1111 Summer Street, Suite 403

---

[10] In accordance with Rule 1(e) of the Individual Practices for Civil Cases for U.S. District Judge Naomi Buchwald, Plaintiff states the following: (1) the original date by which service of process was scheduled to be accomplished was November 19, 2019; (2) this is the third request for an extension; (3) Plaintiff's first request for an extension of time for foreign service was granted on January 22, 2020 and plaintiff's second request for an extension of time was granted on March 17, 2020; and (4) counsel for Defendants intends to oppose this motion.

Stamford, Connecticut 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com