# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIAOYUAN ZHANG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VALARIS PLC, THOMAS BURKE, and JONATHAN H. BAKSHT, <br><br> Defendants | Case No.: 1:19cv7816-NRB |

**DECLARATION OF STEPHANIE A. BARTONE IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ALTERNATIVE SERVICE AND EXTENSION**
**OF TIME TO SERVE DEFENDANTS**

I, Stephanie A. Bartone, hereby declare as follows:

1.      I am an associate at Levi & Korsinsky, LLP ("L&K"), counsel for Lead Plaintiff Charles Moosa ("Plaintiff") and Lead Counsel for the proposed class in the above-captioned action.

2.      I respectfully submit this declaration in support of Plaintiff's Motion for Alternate Service and Extension of Time to Serve Defendants.

3.      On January 2, 2020, I contacted Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), to discuss whether Gibson Dunn was acting as counsel for the Defendants in this action and would accept service on their behalf.

4.      On or about January 7, 2020, I spoke with Brian Lutz, counsel from Gibson Dunn, who represented they were not authorized to accept service on behalf of Valaris and that Plaintiff's counsel should proceed with service through the Hague Convention.

5.      On January 15, 2020, Plaintiff sent the summons and complaint to a process server to be served upon defendant Jonathan Baksht ("Baksht"), who resides at 2014 Claremont Lane, Houston, Texas 77019.

6.      On or about January 16, 2020, the process server informed Plaintiff that it had attempted service on defendant Baksht at 2014 Claremont Lane, Houston Texas, that a housekeeper stated defendant Baksht was not there, and that the housekeeper stated defendant Baksht did in fact reside at that location.

7.      On or about January 16, 2020, during a telephonic conversation, and later by email, Gibson Dunn represented that defendants Thomas Burke ("Burke") and Jonathan Baksht ("Baksht") would accept service once Valaris was served through the Hague Convention.

8.      On January 22, 2020, Plaintiff filed its first motion for extension of time to serve foreign defendants. Dkt. No. 31. Prior to the filing of this motion, I spoke telephonically with Gibson Dunn who represented that Valaris did not oppose the relief sought in the motion.

9.      On March 16, 2020, Plaintiff filed a second motion for extension of time to serve foreign defendants. Dkt. No. 34. Prior to the filing of this motion, I spoke telephonically with Gibson Dunn who represented that Valaris did not oppose the relief sought in the motion.

10.     On April 14, 2020 and April 16, 2020, I reached out telephonically and then by email to discuss the current motion with Gibson Dunn. On April 17, 2020, I spoke telephonically with Gibson Dunn regarding the present motion. Gibson Dunn represented that the Defendants would likely oppose this motion.

11.     On April 20, 2020, I spoke telephonically with Gibson Dunn again. During this conversation, Gibson Dunn represented that if Valaris was served through alternate means, defendants Burke and Baksht would not waive service.

12.   On April 20, 2020, L&K contacted its process server located in Texas. The phone was not answered but a recording stated that the process server was closed until further notice.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge. Executed this 20th day of April at New Haven, Connecticut.

/s/ Stephanie A. Bartone
Stephanie A. Bartone