UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

XIAOYUAN ZHANG, Individually and on
Behalf of All Others Similarly Situated,

              Plaintiff,

     v.

VALARIS HOLDINGS, INC., THOMAS P.
BURKE, and JONATHAN H. BAKSHT,

              Defendants.

-----------------------------------------------------------x

No. 1:19-cv-07816-NRB

<u>CLASS ACTION</u>

Hon. Naomi Reice Buchwald

## <u>DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME TO SERVE DEFENDANTS</u>

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (SBN 4164208)
blutz@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

COLIN B. DAVIS (*pro hac vice* forthcoming)
cdavis@gibsondunn.com
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants

## I. INTRODUCTION[1]

This Court should deny Plaintiff's attempt to bypass the requirement of properly serving the defendants with process merely because service will be delayed as a result of the COVID-19 pandemic. Every defendant in every federal litigation has a due process right to service of process in conformance with the Federal Rules of Civil Procedure and, as necessary, the Hague Convention. Plaintiff acknowledges that he is required to serve Valaris plc and another United Kingdom-domiciled defendant pursuant to the Hague Convention, and that the United Kingdom Central Authority has thus far been cooperative in facilitating his attempts to serve. Since the onset of the COVID-19 pandemic, the United Kingdom Central Authority remains ready, willing, and able to "complete requests for service as promptly as possible," despite a temporary delay. In order to be excused from the Hague Convention service requirements Plaintiff must demonstrate that there is a "substantive reason" why the Central Authority is unwilling to serve process. Mere delay, however, is no such reason.[2]

Nor is there any urgency here mandating waiver of the formal service requirements to which every defendant is entitled. There is no emergency in this case requiring prompt action. This is not a case involving a request for expedited treatment, an injunction, or a restraining order. The case has been pending for seven months. The allegations center on conduct occurring between April 11, 2019 and July 31, 2019. There is no serious risk that evidence will be lost if Plaintiff

---

[1] By submitting this partial opposition, Defendants do not intend to waive—and do not waive—their right to proper service of process. *See Dorrough v. Harbor Secs., LLC*, 2002 WL 1467745, at *4 n.4 (E.D.N.Y. May 10, 2002) (holding that "[t]he mere fact that [a party] had knowledge of [a] lawsuit is insufficient to cure plaintiff's failure to properly effect service"). Nor do Defendants waive any defenses they may later assert, including based of lack of proper service or personal jurisdiction. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972).

[2] Defendants take no position on the forms of alternative service Plaintiff proposes. *See* Mot. at 12-19. Instead, Plaintiff fails to make the threshold showing that *any* form of alternative service is proper under the circumstances.

temporarily is delayed in effecting proper service.  Accordingly, there is no basis for this Court to deprive the defendants—including defendants who are domiciled in the United Kingdom—of their due process right to proper service of process before they are subject to litigation in this Court.

Because Plaintiff is able to, albeit with some delay, effect service in accordance with the Hague Convention and due process, he must do so.  Plaintiff's request for an order permitting service through alternative means should be denied.

## II.  ARGUMENT

As Plaintiff acknowledges, the United Kingdom is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (the "Hague Convention").  ECF No. 37 ("Motion" or "Mot.") at 20.  "Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."  Fed. R. Civ. P. 4, Notes of Advisory Committee on Rules—1993 Amendment, Subdivision (f) ("Advisory Committee Notes") (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)).  Accordingly, courts in this district routinely reject requests for alternative service where Convention procedures are available.  *See, e.g.*, *Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019); *Altos Hornos de Mex., S.A.B. de C.V. v. Rock Resource Ltd.*, 2015 WL 6437384, at *3 (S.D.N.Y. Oct. 19, 2015); *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *2-3 (S.D.N.Y. Jan. 31, 2012).

"[D]istrict courts cannot circumvent the Hague Convention at whim."  *Advanced Aerofoil*, 2012 WL 299959 at *2.  Rather, alternative service is permitted only where a plaintiff has made "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, *and* (2) a showing that the circumstances are such that the court's intervention is necessary."  *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012) (emphasis added).

Here, Plaintiff fails to meet his burden of demonstrating that the Court's intervention is necessary because Plaintiff still can effect proper service.

First, the United Kingdom Central Authority remains committed to satisfying its Hague Convention obligations "as promptly as possible," despite a temporary delay in processing service requests.[3]   The Advisory Committee Notes to Rule 4 provide that "resort may be had … to subdivision (f)(3)" when "the signatory state was dilatory or refused to cooperate *for substantive reasons*." Advisory Committee Notes (emphasis added).  Contrary to Plaintiff's unsupported and conclusory assertion in his Motion, the COVID-19 pandemic is not a "substantive reason" why the Central Authority is unwilling or unable to serve process.  Mot. at 9.  Rather, the Advisory Committee Notes make clear that a "substantive reason" excusing proper service must be rooted in neglect or a decision by the local jurisdiction to refuse to serve process, such as "the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States."  Advisory Committee Notes.

Relevant case law holds the same.  In cases involving a Hague Convention signatory, courts have granted alternative service only where the movant demonstrates that compliance with Convention procedures is being impeded by the receiving jurisdiction's *own* policy decisions or unwillingness to cooperate.  *See, e.g.*, *RSM Prod. Corp. v. Fridman*, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (allowing alternative service where Russian Federation adopted a policy to refuse compliance with Convention procedures based on "Russian-American long-term judicial

---

[3]  "For the moment service of judicial and extra-judicial documents is suspended, but as soon as we are able to do so, staff in the England and Wales Central Authority will work to complete requests for service as promptly as possible." Senior Master, Royal Courts of Justice, *United Kingdom – Central Authority & Practical Information*, Hague Conference on Private International Law (April 1, 2020), https://www.hcch.net/en/states/authorities/details3/?aid=278.

3

practices"); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511-16 (S.D.N.Y. 2013) (addressing need for alternative service where China refused service based on principles of sovereignty); *FTC v. Pecon Software Ltd.*, 2013 WL 4016272, at *8-9 (S.D.N.Y. Aug. 7, 2013) (allowing alternative service where Indian Central Authority "ignored" party's "ample attempts to serve" such that India had "not shown a disposition to act—or even to respond to [party's] queries").

In contrast, where it is "not a matter where the foreign state has refused to take action or where service has been unduly delayed by the foreign state," adherence to Convention procedures is required. *Advanced Aerofoil*, 2012 WL 299959, at *2. Here, Plaintiff offers nothing to suggest that the United Kingdom Central Authority is unwilling to serve process. To the contrary, the Central Authority remains committed to its Hague Convention obligations and, by Plaintiff's own admission, has been cooperative in effecting service through Convention procedures. Mot. at 5-6. Plaintiff should not be allowed to circumvent the Hague Convention and the principles of comity that undergird it simply because of a delay caused by COVID-19.

Second, there is no urgency requiring immediate service in this case. Courts routinely find that a party's general "desire to move quickly" is "no excuse to flout procedural rules, especially without support for [its] request." *Baliga*, 385 F. Supp. 3d at 220. Accordingly, courts have granted alternative service on the basis of "urgency" only where there is a demonstrated need for the case to be expedited. For example, in *Richmond Technologies, Inc. v. Aumtech Business Solutions*, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011), the court allowed for alternative service where the plaintiffs were seeking "preliminary relief" on the basis that they "face[d] a threat of immediate, irreparable harm." Similarly, in *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012), the court allowed for alternative service where the court "intend[ed] to expedite this litigation … so as to minimize the harm worked by" asset

4

restraints ordered by the court on a large number of entities.  In contrast, Plaintiff here concludes—without any support—that he would like this case to move forward expeditiously because of a supposed loss of evidence.  But this general concern, which applies in any case, is both unsupported and unfounded, particularly given the document preservation requirements under the Private Securities Litigation Reform Act. [4]  *See* 15 U.S.C. § 78u-4(b)(3)(C).

Third, this is not a case where the Court's intervention is justified because the defendants are evading service or because an address is unknown.  Defendants are not avoiding service.  In fact, as Plaintiff admits, Defendants' counsel have made clear that once proper service is effected on Valaris plc, in accordance with the Hague Convention, Defendants' counsel will accept service on behalf of the two individual defendants.  And Plaintiff knows where Valaris plc and the two individual defendants reside.  He simply wants to be excused from actually serving the defendants in a manner required under the Federal Rules of Civil Procedure, the Hague Convention, and due process.

Ultimately, the "Hague Convention furnishes safeguards against the abridgement of rights of parties through inadequate notice."  Advisory Committee Notes.  It is Plaintiff's burden to demonstrate why this Court should conclude that the defendants in this case—including two defendants domiciled in the United Kingdom—should be deprived of their due process right to insist on proper service in conformance with the Hague Convention.  Merely pointing to temporary

---

[4]  All of the cases the Plaintiff cites regarding "delay," Mot. at 15, only underscore that a mere four-month delay in service is insufficient basis for the court's intervention.  All of Plaintiff's cases involved much longer delays and/or distinguishable facts.  *See, e.g., In re GLG*, 287 F.R.D. at 266 (six to eight month delay); *Cheetah Mobile, Inc. v. APUS Grp.*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) (delay of over one year); *Morningstar v. Dejun*, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) (over one year); *Vanderhoef v. China Auto Logistics Inc.*, 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019) (four-month delay in addition to unknown address).

delay arising from COVID-19 does not satisfy Plaintiff's burden.  Plaintiff's request to serve

through alternative means should be denied.[5]

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

motion for alternative service.

Dated:   New York, New York
       May 4, 2020

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Brian M. Lutz*
                Brian M. Lutz

200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Colin B. Davis (*pro hac vice* forthcoming)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants

---

[5]  Defendants take no position on Plaintiff's request for an extension of time to serve the defendants pursuant to the Hague Convention.  *See* Mot. at 19-22.