# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Brian M. Lutz
Direct: +1 415.393.8379
Fax: +1 415.374.8474
BLutz@gibsondunn.com

May 4, 2020

<u>VIA ELECTRONIC FILING</u>

Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2270
New York, NY 10007

Re:     *Xiaoyuan Zhang v. Valaris Holdings, Inc., et al.*, No. 1:19-cv-07816-NRB

Dear Judge Buchwald:

Pursuant to Section 2.E.1 of Your Honor's Individual Practices, Defendants respectfully submit this letter outlining the substantive arguments advanced in their Partial Opposition to Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendants ("Opposition").

As Plaintiffs concede, two of the defendants in this case are domiciled in the United Kingdom.  Under Rule 4 of the Federal Rules of Civil Procedure, service on United Kingdom-domiciled defendants must be accomplished pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (the "Hague Convention").  Plaintiff requests that the Court relieve him of this requirement, but he fails to meet his burden of demonstrating that alternative service is necessary or appropriate under the circumstances of this case.

First, compliance with Hague Convention procedures is not being impeded by the receiving jurisdiction's policy decisions or unwillingness to cooperate.  The United Kingdom Central Authority remains committed to satisfying its Hague Convention obligations despite a temporary delay in processing service requests due to the COVID-19 pandemic.  Second, there is no urgency requiring immediate service in this case.  Plaintiff's general desire for speed does not justify circumventing procedural rules. Third, the Defendants are neither evading service nor are their addresses unknown.  Plaintiff knows were the Defendants reside, and simply wants to be excused from serving the defendants in accordance with the Federal Rules of Civil Procedure and the Hague Convention.

**GIBSON DUNN**

Honorable Naomi Reice Buchwald
May 4, 2020
Page 2

Because Plaintiffs fail to make the threshold showing that *any* form of alternative service is proper, Defendants take no position on the forms of alternative service Plaintiff proposes.  Additionally, Defendants take no position on Plaintiff's request for an extension of time to serve Defendants in accordance with the Hague Convention.

Defendants respectfully request that the Court deny Plaintiff's request for alternative service.

Sincerely,

*/s/  Brian M. Lutz*

Brian M. Lutz

CC:    All Counsel of Record (*via CM/ECF*)