**<u>EXHIBIT A</u>**

**Voluntary Petition of Valaris plc
Under Chapter 11 of the Bankruptcy Code**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known):* _____    Chapter __**11**__

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** **Debtor's Name** | Valaris plc | |
| **2.** **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Ensco International Limited**<br>**Ensco International plc**<br>**Ensco plc**<br>**Ensco Rowan plc**<br>**Ensco UK (No. 1) Limited** | |
| **3.** **Debtor's federal Employer Identification Number** (EIN) | **98-0635229** | |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **110 Cannon Street**<br>Number          Street | Number          Street |
| | P.O. Box |
| **London, United Kingdom          EC4N 6EU**<br>City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number          Street |
| | City                    State      Zip Code |

| | | |
|---|---|---|
| **5.** **Debtor's website** (URL) | **www.valaris.com** | |
| **6.** **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☒ Other. Specify:          Public Limited Company | |

Debtor     **Valaris plc**                             Case number *(if known)* _____
        Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 - Oil and Gas Extraction**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____ When _____ Case number _____
                                    MM/DD/YYYY

               District _____ When _____ Case number _____
                                    MM/DD/YYYY

---

| Debtor | **Valaris plc** | Case number *(if known)* | |
| --- | --- | --- | --- |
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
| --- | --- | --- | --- |
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Southern District of Texas** | When | **08/19/2020** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number Street

_____
City State Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | Statistical and administrative information |
| --- | --- |

**13. Debtor's estimation of available funds (on a consolidated basis)**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | |
| --- | --- | --- |
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

[1] The Debtors provide offshore drilling services, including the operation of a rig fleet. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.

Debtor  **Valaris plc**                                    Case number *(if known)* _____
      Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

          I declare under penalty of perjury that the foregoing is true and correct.

          Executed on     **08/19/2020**
                          MM/ DD / YYYY

**✗**    */s/ Jonathan Baksht*                   **Jonathan Baksht**
      Signature of authorized representative of debtor     Printed name

      Title    **Executive Vice President and Chief Financial Officer**

| **18. Signature of attorney** | **✗**    */s/ Matthew D. Cavenaugh*         Date    **08/19/2020** |
|---|---|
| |      Signature of attorney for debtor             MM/DD/YYYY |

                    **Matthew D. Cavenaugh**

                    **Jackson Walker L.L.P.**
                    Firm name

                    **1401 McKinney Street, Suite 1900**
                    Number           Street

                    **Houston**                     **Texas**      **77010**
                    City                           State      ZIP Code

                    **(713) 752-4200**               **mcavenaugh@jw.com**
                    Contact phone                 Email address

                    **24062656**               **Texas**
                    Bar number               State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br> <strong>Southern District of Texas</strong> (State) </td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter   <strong>11</strong></td></tr>
</table>

,

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Valaris plc

| | |
|---|---|
| Valaris plc | ENSCO Offshore Company |
| Alpha Achiever Company | ENSCO Offshore International Company |
| Alpha Admiral Company | ENSCO Offshore International Holdings Limited |
| Alpha Archer Company | ENSCO Offshore International Inc. |
| Alpha Offshore Drilling Services Company | ENSCO Offshore U.K. Limited |
| Alpha Orca Company | ENSCO Overseas Limited |
| Atlantic Maritime Services LLC | Ensco Transcontinental II LP |
| Atwood Australian Waters Drilling Pty Ltd | Ensco Transnational I Ltd. |
| Atwood Deep Seas, Ltd. | Ensco UK Drilling Limited |
| Atwood Oceanics Australia Pty. Limited | ENSCO United Incorporated |
| Atwood Oceanics LLC | ENSCO Universal Limited |
| Atwood Oceanics Pacific Limited | Ensco Vistas Limited |
| Atwood Offshore Drilling Limited | ENSCO Worldwide GmbH |
| Atwood Offshore Worldwide Limited | Great White Shark Limited |
| Ensco (Thailand) Limited | Green Turtle Limited |
| ENSCO Asia Pacific Pte. Limited | Offshore Drilling Services LLC |
| ENSCO Associates Company | Pride Foramer S.A.S. |
| ENSCO Australia Pty. Limited | Pride Forasol S.A.S. |
| ENSCO Capital Limited | Pride Global II Ltd. |
| ENSCO Corporate Resources LLC | Pride International LLC |
| ENSCO Development Limited | Pride International Management Company LP |
| Ensco do Brasil Petróleo e Gás Ltda. | Ralph Coffman Limited |
| Ensco Drilling I Ltd. | Ralph Coffman Luxembourg S.à r.l. |
| ENSCO Drilling Mexico LLC | RCI International, Inc. |
| Ensco Endeavors Limited | RD International Services Pte. Ltd. |
| ENSCO Global GmbH | RDC Arabia Drilling, Inc. |
| ENSCO Global Investments LP | RDC Holdings Luxembourg S.à r.l. |
| Ensco Global IV Ltd. | RoCal Cayman Limited |
| ENSCO Global Resources Limited | Rowan Companies Limited |
| ENSCO Holding Company | Rowan Companies, LLC |
| Ensco Holdings I Ltd. | Rowan Drilling (Trinidad) Limited |
| ENSCO Holland B.V. | Rowan Drilling (U.K.) Limited |
| ENSCO Incorporated | Rowan Drilling, S. de R.L. de C.V. |
| Ensco Intercontinental GmbH | Rowan International Rig Holdings S.à r.l. |
| ENSCO International Incorporated | Rowan Marine Services, LLC |
| Ensco International Ltd. | Rowan N-Class (Gibraltar) Limited |
| ENSCO Investments LLC | Rowan No. 1 Limited |
| Ensco Jersey Finance Limited | Rowan Norway Limited |
| ENSCO Limited | Rowan Offshore (Gibraltar) Limited |
| Ensco Management Corp. | Rowan Offshore Luxembourg S.à r.l. |
| ENSCO Maritime Limited | Rowan Rex Limited |
| Ensco Mexico Services, S. de R.L. de C.V. | Rowan Rigs S.à r.l. |
| Ensco Ocean 2 Company | Rowan Services LLC |
| ENSCO Oceanics Company LLC | Rowan, S. de R.L. de C.V. |
| ENSCO Oceanics International Company | Rowandrill, LLC |

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VALARIS PLC, | ) Case No. 20-_____(___) |
|  | ) |
| Debtor. | ) |
|  | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is     **1-8097**

2. The following financial data is the latest available information and refers to the debtor's condition on **June 30, 2020**

   (a)  Total assets                                                       $ **13,038,900,000**

   (b)  Total debts (including debts listed in 2.c., below)      $ **7,853,500,000**

   (c)  Debt securities held by more than 500 holders      **See comment**

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | **See comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | **See comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | **See comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | **See comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | **See comment** |

   (d)  Number of shares of preferred stock                     **N/A**

   (e)  Number of shares of common stock[2]            **Class A: 199,430,217**
                                                                       **Class B: 50,000**

Comments, if any:    **Valaris plc does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3. Brief description of debtor's business:    **Valaris plc is a leading provider of offshore contract drilling services to the international oil and gas industry.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor[3]:
**Class A Shareholders: Luminus Management LLC; The Vanguard Group Inc.; BlackRock Inc.; Contrarius Investment Management Ltd.; Odey Asset Management Group Ltd.**
**Class B Shareholders: Ensco International Incorporated**

---

[2]    As of July 24, 2020, there were 199,430,217 Class A ordinary shares and 50,000 Class B ordinary shares of the registrant issued and outstanding.

[3]    As of May 15, 2020.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) )  Chapter 11 |
| VALARIS PLC, | ) )  Case No. 20-_____ (____) |
| Debtor. | ) ) ) |

**LIST OF EQUITY SECURITY HOLDERS[4]**

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security[5] | Percentage of Equity Held |
|---|---|---|---|---|
| Valaris plc | Luminus Management LLC | 1700 Broadway New York, New York 10019 | Common Stock (Class A Shares) | 17.96% |
| | The Vanguard Group Inc. | 100 Vanguard Boulevard Malvern, Pennsylvania 19355 | Common Stock (Class A Shares) | 10.09% |
| | BlackRock Inc. | 55 East 52nd Street New York, New York 10055 | Common Stock (Class A Shares) | 10.04% |
| | Contrarius Investment Management Ltd. | 2 Bond Street St. Helier, Jersey JE2 3NP, Channel Islands | Common Stock (Class A Shares) | 9.36% |
| | Odey Asset Management Group Ltd. | 12 Upper Brook Street London, W1K 7PU United Kingdom | Common Stock (Class A Shares) | 5.00% |
| | Ensco International Incorporated | 5847 San Felipe, Suite 3300 Houston, Texas 77057 | Common Stock (Class B Shares) | 100% |

---

[4]  This list reflects holders of five percent or more of Valaris plc's common stock.  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  By the *Debtor's Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Authorizing the Debtors to Redact Certain Personal Identification Information, (IV) Approving the Form and Manner of Notice of the Commencement, and (V) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

[5]  Outstanding warrants are not reflected in ownership.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | |
| VALARIS PLC, | ) | Case No. 20-_____ (___) |
|  | ) | |
| Debtor. | ) | |
|  | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Luminus Management LLC | 17.96% (Class A Shares) |
| The Vanguard Group Inc. | 10.09% (Class A Shares) |
| BlackRock Inc. | 10.04% (Class A Shares) |
| Ensco International Incorporated | 100% (Class B Shares) |

Debtor  Valaris plc, et al.,  Case number (if known)_____

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name: <u>Valaris plc, et al.,</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<u>Southern District of Texas</u></td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐  Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code* | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 5.750% Senior Notes Due 2044 | | | | $ 1,000,500,000 |
| 2 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 7.750% Senior Notes Due 2026 | | | | $ 1,000,000,000 |
| 3 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 3.000% Exchangeable Senior Notes Due 2024 | | | | $ 849,500,000 |
| 4 | US Bank<br>Attn: Corporate Trust Services<br>5555 San Felipe<br>Suite 1150<br>Houston, TX 77056 | Corporate Trust Services<br>EMAIL -<br>PHONE - (713) 235-9208<br>FAX - (713) 235-9213 | 4.875% Senior Notes Due 2022 | | | | $ 620,824,000 |
| 5 | Citi - Global Energy<br>Attn: Derrick Lenz<br>Director - Corporate & Investment Bank<br>811 Main Street<br>Suite 4000<br>Houston, TX 77002 | Derrick Lenz<br>EMAIL - derrick.lenz@citi.com<br>PHONE - (713) 821-4832<br>FAX - (281) 274-9369 | Revolving Credit Facility | | | | $ 581,000,000 |
| 6 | US Bank<br>Attn: Corporate Trust Services<br>5555 San Felipe<br>Suite 1150<br>Houston, TX 77056 | Corporate Trust Services<br>EMAIL -<br>PHONE - (713) 235-9208<br>FAX - (713) 235-9213 | 5.400% Senior Notes Due 2042 | | | | $ 400,000,000 |
| 7 | US Bank<br>Attn: Corporate Trust Services<br>5555 San Felipe<br>Suite 1150<br>Houston, TX 77056 | Corporate Trust Services<br>EMAIL -<br>PHONE - (713) 235-9208<br>FAX - (713) 235-9213 | 5.850% Senior Notes Due 2044 | | | | $ 400,000,000 |
| 8 | US Bank<br>Attn: Corporate Trust Services<br>5555 San Felipe<br>Suite 1150<br>Houston, TX 77056 | Corporate Trust Services<br>EMAIL -<br>PHONE - (713) 235-9208<br>FAX - (713) 235-9213 | 7.375% Senior Notes Due 2025 | | | | $ 360,813,000 |
| 9 | Daewoo Shipbuilding & Marine Engineering<br>Attn: Sung Geun Lee<br>CEO & President<br>3370, Geojedae-Ro<br>Geoje-Si<br>Gyeongsangnam-Do, 656-714<br>Republic Of Korea (South Korea) | Sung Geun Lee<br>EMAIL - sunggeunlee@dsme.co.kr<br>PHONE - 02.2129.0114<br>FAX - | Contract Claim | Contingent | | | $ 358,800,000 |
| 10 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 5.200% Senior Notes Due 2025 | | | | $ 333,742,000 |
| 11 | US Bank<br>Attn: Corporate Trust Services<br>5555 San Felipe<br>Suite 1150<br>Houston, TX 77056 | Corporate Trust Services<br>EMAIL -<br>PHONE - (713) 235-9208<br>FAX - (713) 235-9213 | 4.750% Senior Notes Due 2024 | | | | $ 318,571,000 |
| 12 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 4.500% Senior Notes Due 2024 | | | | $ 303,358,000 |

Debtor  Valaris plc, et al. _____    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code* | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | The Bank of New York Mellon Trust Company, NA<br>Attn: Sherma Thomas<br>Client Service Manager<br>Corporate Trust Office<br>101 Barclay Street, 4W<br>New York, NY 10286 | Sherma Thomas<br>EMAIL - sherma.thomas@bnymellon.com<br>PHONE -<br>FAX - | 7.875% Senior Notes Due 2040 | | | | $ 300,000,000 |
| 14 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 8.000% Senior Notes Due 2024 | | | | $ 292,329,000 |
| 15 | The Bank of New York Mellon Trust Company, NA<br>Attn: Sherma Thomas<br>Client Service Manager<br>Corporate Trust Office<br>101 Barclay Street, 4W<br>New York, NY 10286 | Sherma Thomas<br>EMAIL - sherma.thomas@bnymellon.com<br>PHONE -<br>FAX - | 6.875% Senior Notes Due 2020 | | | | $ 122,890,000 |
| 16 | Deutsche Bank<br>Attn: Erika Wershoven<br>Account Manager<br>Global Securities Services - Issuer Services<br>60 Wall Street<br>MSYNYC 60-2710<br>New York, NY 10005 | Erika Wershoven<br>EMAIL - erika.wershoven@db.com<br>PHONE - (317) 288-4244<br>FAX - | 7.200% Debentures Due 2027 | | | | $ 112,122,000 |
| 17 | Deutsche Bank<br>Attn: Matthew Yao<br>Corporate Trust Department<br>100 Plaza One<br>Jersey City, NJ 07311-3901 | Matthew Yao<br>EMAIL -<br>PHONE - (201) 593-4732<br>FAX - | 4.700% Senior Notes Due 2021 | | | | $ 100,673,000 |
| 18 | Keppel Letourneau<br>Attn: Debora Marcos<br>Operations Manager<br>5177 Richmond Ave. Suite 950<br>Houston, TX 77056 | Debora Marcos<br>EMAIL - debora.marcos@keppelletourneau.com<br>PHONE - (832) 459-8527<br>FAX - | Trade Payable | | | | $ 1,311,492 |
| 19 | Sodexo<br>Attn: Denis Machuel<br>CEO<br>255 Quai de la Bataille de Stalingrad<br>Issy-les-Moulineaux, 92130<br>France | Denis Machuel<br>EMAIL - denis.machuel@sodexo.com<br>PHONE - +33 1 30 85 75 00<br>FAX - | Trade Payable | | | | $ 981,377 |
| 20 | Storebrand Livforsikring<br>Attn: Karin Greve-Isdahl<br>Executive Vice President, Communications and Investor Relations<br>Professor Kohts vei 9<br>Lysaker, 1366 | Karin Greve-Isdahl<br>EMAIL - karin.greve-isdahl@storebrand.no<br>PHONE - +47 411 92 329<br>FAX - | Trade Payable | | | | $ 624,119 |
| 21 | Artemis Energy<br>Attn: Gerard Cooper<br>Chief Financial Officer<br>35 Hafzah Ave<br>Sumoah Gardens<br>Vistabelle,<br>Trinidad & Tobago | Gerard Cooper<br>EMAIL - info@artemis-energy.com<br>PHONE - +2349037081333<br>FAX - | Trade Payable | | | | $ 572,296 |
| 22 | Gulf Engineering Services<br>Attn: Vishnu Gopeesingh<br>Director of Operations<br>2 1/4 MM South Trunk Highway<br>La Romain<br>San Fernando,<br>Trinidad & Tobago | Vishnu Gopeesingh<br>EMAIL - vgopeesingh@gulfengtt.com<br>PHONE - (868) 652-8447<br>FAX - | Trade Payable | | | | $ 504,424 |
| 23 | Chet Morrison Contractors Inc<br>Attn: Chet Morrison<br>Founder and CEO<br>9 Bayou Dularge Road<br>Houma, LA 70363 | Chet Morrison<br>EMAIL - cmorrison@chetm.com<br>PHONE - (985) 868-1950<br>FAX - | Trade Payable | | | | $ 415,990 |
| 24 | Schlumberger<br>Attn: Saul R. Laureles<br>Deputy General Counsel<br>5599 San Felipe<br>Houston, TX 77056 | Saul R. Laureles<br>EMAIL - slaureles@slb.com<br>PHONE - (713) 513-2000<br>FAX - | Trade Payable | | | | $ 331,751 |
| 25 | Oil States Industries, Inc<br>Attn: Mike Hogan<br>Vice President<br>7701 S. Cooper Street<br>Arlington, TX 76001 | Mike Hogan<br>EMAIL - mike.hogan@oilstates.com<br>PHONE - (512) 556-5471<br>FAX - | Trade Payable | | | | $ 330,731 |

Official Form 204                 Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims                 page 2

Debtor  Valaris plc, et al.                                                                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code* | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | AFP<br>Attn: Ingvild Dingstad<br>CEO<br>Vollsveien 2A<br>Lysaker,  1366<br>Norway | Ingvild Dingstad<br>EMAIL - ingvild@afpslv.no<br>PHONE - 22 98 98 00<br>FAX - | Trade Payable | | | | $          280,406 |
| 27 | RPS Energy<br>Attn: John Chubb<br>CEO - UK & Ireland<br>20 Western Avenue<br>Milton Park<br>Abingdon,  OX14 4SH<br>United Kingdom | John Chubb<br>EMAIL - john.chubb@grontmij.dk<br>PHONE - +44 (0) 1235 863 206<br>FAX - | Trade Payable | | | | $          266,944 |
| 28 | Triangle Facility Management<br>Attn: Nader Fawzy<br>Chief Financial Officer<br>48 Thawra St.<br>Dokki<br>Giza,<br>Egypt | Nader Fawzy<br>EMAIL - nader_fawzy@triangle.com.eg<br>PHONE - +20 2 33360353-9<br>FAX - | Trade Payable | | | | $          259,276 |
| 29 | Gulf Agency Company<br>Attn: Mikael Leijonberg<br>Chief Financial Officer<br>Jebel Ali Free Zone (Gate 4)<br>GAC Dubai Building<br>Jebel Ali<br>Dubai,<br>United Arab Emirates | Mikael Leijonberg<br>EMAIL - mikael.leijonberg@gac.com<br>PHONE - +971 4 881 8090<br>FAX - +971 4 881 8687 | Trade Payable | | | | $          253,675 |
| 30 | Pension Benefit Guaranty Corporation<br>Attn: Patricia Kelly<br>Chief Financial Officer<br>1200 K Street, NW<br>Washington, DC  20005 | Patricia Kelly<br>EMAIL - pbgcpublicaffairs@pbgc.gov<br>PHONE - (202) 326-4110<br>FAX - (202) 229-4047 | Pension | Contingent, Unliquidated, Disputed | | | Undetermined |

* SERP recipients are excluded due to concerns involving PII

Fill in this information to identify the case and this filing:

Debtor Name       Valaris plc

United States Bankruptcy Court for the:       **Southern District of Texas**

                                                                                        (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▉ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **08/19/2020** | ☒ */s/ Jonathan Baksht* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Jonathan Baksht** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202                                Declaration Under Penalty of Perjury for Non-Individual Debtors

**VALARIS PLC**

<u>Secretary's Certificate</u>

The undersigned, being the Secretary of Valaris plc, a public limited company incorporated under the laws of England and Wales (the "**Company**"), does hereby certify as follows:

Attached hereto as **Annex A** is a true, correct, and complete copy of the resolutions duly adopted by the Board of Directors of the Company (the "**Board**") on August 18, 2020 (the "**Resolutions**"), and reaffirmed by the Board on August 19, 2020, and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Company has duly executed and caused this certificate to be delivered as of August 19, 2020.

Valaris plc

By: _____
Name: Michael T. McGuinty
Title: Senior Vice President,
General Counsel and Secretary

**<u>Annex A</u>**

**Resolutions**

RESOLUTIONS OF

THE BOARD OF DIRECTORS OF VALARIS PLC

**WHEREAS**, on 17 August 2020, the Board approved, among other things, (i) the entry into that certain restructuring support agreement (the "**Restructuring Support Agreement**") in furtherance of a restructuring transaction or series of transactions by which the Company and certain of its subsidiaries would restructure their debt obligations and other liabilities, and (ii) the entry into that certain backstop commitment agreement (the "**Backstop Agreement**") by which certain of the Company's unsecured noteholders (the "**Commitment Parties**") have agreed to backstop a new-money debt raise in connection with the Company's restructuring;

**WHEREAS**, the Board has considered the filing of a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. for the Company, and if applicable, local proceedings for the Company, pursuant to applicable law and in accordance with the requirements of the Company's governing documents and applicable law (the "**Chapter 11 Filing**");

**WHEREAS**, the Board has reviewed and considered certain materials presented by the management of the Company ("**Management**"), the Company's financial and legal advisors, and independent counsel to the Board (the "**Advisors**"), including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business and its stakeholders, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, as a result of the Chapter 11 Filing, outstanding restricted share units ("**RSUs**") are unlikely to have significant value upon emergence from chapter 11 but would otherwise, absent a delay of the settlement date, trigger a tax withholding obligation on settlement;

**WHEREAS**, the Board has determined, in the judgment of the Board, that the following resolutions, as applicable, are advisable and in the best interests of the Company, its equity holders, its subsidiaries, its creditors, and other parties in interest.

**NOW, THEREFORE, BE IT RESOLVED,** that, following due consideration, including consideration of the matters referred to in section 172(1) of the U.K. Companies Act 2006, having regard to the directors' general duty to act in good faith and in a manner which would be most likely to promote the

1

success of the Company for the benefit of its members as a whole and to have regard to creditors' interests where appropriate, that the Board hereby authorizes, approves, adopts, ratifies and confirms the following actions, with all such authorizations, approvals, adoptions, ratifications and confirmations (as well as any empowerment of officers of the Company to act in accordance therewith) being on behalf of the Company and any or all of the Board:

**VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

**RESOLVED**, that the Company filing or causing to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**") in a court of proper jurisdiction (the "**Bankruptcy Court**") for the Company and any of its subsidiaries and (as relevant) any applicable foreign ancillary proceedings for the Company, including in the United Kingdom, would be most likely to promote the success of the Company for the benefit of its stakeholders as a whole and be and is hereby approved;

**RESOLVED,** that the Company file or cause to be filed the Bankruptcy Petitions under the provisions of the Bankruptcy Code in the Bankruptcy Court for the Company and any of its subsidiaries and (as relevant) any applicable foreign ancillary proceedings for the Company; and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings, if any;

**RESOLVED,** that each of each of the Company's President and Chief Executive Officer, Chief Financial Officer, Executive Vice President, any Senior Vice President, or any Vice President (each an "**Authorized Officer**" and collectively, the "**Authorized Officers**"), or any director or other duly appointed officer of the Company, each acting individually and with full power of substitution (together with the Authorized Officers and any persons to whom such persons delegate certain responsibilities, collectively, the "**Authorized Persons**") be, and hereby are, authorized to execute (under the common seal of the Company, if appropriate) and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's or any of its subsidiary's businesses;

**RESOLVED,** that the delayed settlement of outstanding equity incentive awards issued pursuant to the Ensco plc 2018 Long-Term Incentive Plan, 2013 Rowan Companies plc Incentive Plan or any other equity incentive

plan sponsored by the Company (collectively, the "**Plans**") would be most likely to promote the success of the Company for the benefit of its stakeholders as a whole and be and is hereby approved;

**RESOLVED,** that effective as of the filing of the Bankruptcy Petitions, each of the Authorized Persons be, and hereby are, authorized and directed to take any necessary action to delay or cease the settlement of outstanding equity incentive awards issued pursuant to the Plans, until such time as the Authorized Persons determine it is appropriate to resume settlement of such awards.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to employ:  (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel, (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel**,** (iii) the law firm of Slaughter and May as English counsel, (iv) Lazard Frères & Co. LLC as financial advisor, (v) Alvarez and Marsal North America, LLC as restructuring advisor, (vi) Stretto as notice and claims agent, (vii) Ashurst LLP as independent counsel to the Board and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and further

**RESOLVED,** that each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

## FURTHER ACTIONS AND PRIOR ACTIONS

**RESOLVED**, that the Company authorizes any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, managing member, or

3

equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Chapter 11 Filing as such Authorized Person shall deem (in their absolute discretion) necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and further

**RESOLVED**, that any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and

4

5

applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

5