

1111 Summer Street, Suite 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

Shannon L. Hopkins
shopkins@zlk.com

October 1, 2020

**VIA ECF**

Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
United States Courthouse for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Zhang v. Valaris PLC, et. al*., Case No. 1:19-cv-07816-NRB

Dear Judge Buchwald:

   We represent Court-appointed Lead Plaintiff Charles Moosa in the above captioned action (the "Action"). On September 14, 2020, Defendants Valaris plc ("Valaris"), Thomas P. Burke, and Jonathan H. Baksht (collectively, "Defendants") filed a Notice of Bankruptcy for Valaris PLC, *et. al.* and Automatic Stay of Proceedings ("Bankruptcy Notice"). Dkt. No. 44. The Bankruptcy Notice states that, pursuant to § 362(a) of the United States Bankruptcy Code, this Action "***must*** be stayed against Valaris plc" but, recognizing the stay does not apply to the ***non-debtor*** individual defendants, claims the Action "***should be*** stayed" against defendants Burke and Baksht on the sole basis that their "substantial assistance and efforts are required in the ongoing bankruptcy proceedings." This is an insufficient basis to extend the bankruptcy stay to the individual defendants. Accordingly, Plaintiff opposes Defendants' request to stay this Action as to non-debtor defendants Burke and Baksht.[1]

   Courts in the Second Circuit unanimously hold that the automatic bankruptcy stay does not apply to non-debtor co-defendants absent "unusual circumstances" where there is an "immediate adverse economic consequence for the debtor's estate." *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (bankruptcy stay only applies to non-debtor "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."); *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999) ("[C]ourts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and

---

[1] Defendant Baksht was served with the summons and complaint in this Action on September 17, 2020.

principals.") (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986) ("A non-debtor can claim the protection of a debtor's stay only in 'unusual circumstances'")); *Kirschenbaum v. Fed. Ins. Co.*, 505 B.R. 126, 134 (E.D.N.Y. 2014) ("11 U.S.C. § 362(a)(1), operates to stay prosecution of or recovery in connection with claims asserted *against a debtor only*, and, absent unusual circumstances, its protections are generally *not extended to non-debtor codefendants*.") (emphasis added) (citations and quotation marks omitted)); *In re FPSDA I, LLC*, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. 2012) ("Moreover, extensions of the stay to protect non-debtor parties are the exception, not the rule, and are generally not favored.").

Such purported "adverse economic consequences" cannot merely be, as here, "conceivable," "limited," or a "theoretical risk". *Hirsch*, 230 B.R. at 243, 244; *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 194 (S.D.N.Y. 2016) (denying automatic stay as to individual and underwriter defendants in securities case finding "[t]he mere possibility of a future indemnification claim will not support application of the automatic stay", nor will a "vague and unsupported assertion" that there could be claims at some unknown future time to the debtor's insurance policies be sufficient to invoke the bankruptcy stay).

No facts or circumstances exist here that would support a finding that the continuation of this Action against defendants Burke and Baksht would have an "immediate adverse economic consequence" on Valaris' bankruptcy estate, nor have Burke and Baksht averred any facts beyond mere speculation. Rather, Burke and Baksht make the "theoretical" unsupported assertion that there would be unspecified adverse economic consequences to Valaris if the Action were to proceed against Burke and Baksht because their "substantial assistance and efforts are required in the ongoing bankruptcy proceeding." Dkt. No. 44 at 2. But this generic reason is true of any management level co-defendant and has been repeatedly rejected by courts in the Second Circuit, which have refused to extend the automatic bankruptcy stay to executive co-defendants merely because of their executive positions. *See, e.g.*, *New Jersey Carpenters*, 564 B.R. at 194 (refusing to extend automatic stay to non-debtor executive officer defendants); *In re Dynegy, Inc.*, 770 F.3d 1064, 1066 (2d Cir. 2014) (bankruptcy prompted automatic stay of securities class action as to Dynegy Inc., but not the executive individual defendants); *Hirsch*, 230 B.R. at 240 (refusing to extend a stay to companies that the non-debtor controlled in a securities action); *In re Crazy Eddie Sec. Litig.*, 104 B.R. 582, 584 (E.D.N.Y. 1989) (refusing to extend an automatic stay to non-debtor defendants); *Queenie*, 321 F.3d at 287. Therefore, the automatic bankruptcy stay should be denied with respect to individual defendants Burke and Baksht. *New Jersey Carpenters*, 564 B.R. at 194; *Teachers Ins. & Annuity Ass'n of Am.*, 803 F.2d at 65.

Further, the fact that Defendant Burke has not yet been served has no bearing on whether the automatic stay applies, and Defendants do not cite a single case that holds otherwise. Defendant Baksht was served with the summons and complaint in this Action on September 17, 2020. Despite several attempts, Plaintiff has been unable to serve defendant Burke. According to Plaintiff's process server, Alexander Poole & Co., Inc. ("APC"), APC attempted service on defendant Burke at his residence in Houston, Texas on or about September 28, 2020 but was informed by Burke's executive assistant, Kelly, who is currently renting Burke's Houston residence, that Burke is in London and Kelly did not know when Burke will return to the United States. As set forth in Plaintiff's Motion for Alternative Service currently pending before the Court (Dkt. No. 36), Plaintiff has attempted service through the Hague Convention since January 2020,

but due to COVID, Plaintiff has been, and will be for the foreseeable future, unable to serve any foreign defendant, necessitating Plaintiff's Motion for Alternative Service.[2]

Based on the foregoing, Plaintiff respectfully requests that Defendants' request to extend the automatic bankruptcy stay to individual defendants Burke and Baksht be denied.

Very truly yours,

Shannon L. Hopkins

---

[2] When Plaintiff's motion for alternate service was filed, the Hague Convention was closed indefinitely. Since that time, Plaintiff believes the Hague Convention has reopened. However, because most of the United Kingdom remains remote due to COVID, no one is at present at Valaris' corporate headquarters to accept process of service.