```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
XIAOYUAN ZHANG, Individually and on
Behalf of All Others Similarly
Situated,

                    Plaintiff,         MEMORANDUM AND ORDER

          - against -                  19 Civ. 7816 (NRB)

VALARIS PLC, THOMAS P. BURKE, and
JONATHAN H. BAKSHT,
                    Defendants.

----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Lead plaintiff Charles Moosa moves under Federal Rule of Civil Procedure 4(f)(3) for authorization to serve defendant Thomas Burke, Chief Executive Officer of Valaris plc ("Valaris"), through alternative methods of service and for an extension of time to serve. ECF No. 36.[1] Specifically, plaintiff seeks to serve process on Burke by (1) email; (2) service through email and certified mail to Valaris' United States-based counsel; and (3) publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal. For the reasons below, plaintiff's motion is granted in part.

---

[1] As filed, plaintiff's motion was addressed to all defendants.  Plaintiff has since served Valaris and Baksht, ECF Nos. 51, 55, and therefore this motion is moot as to Valaris and Baksht.

1

I.  **BACKGROUND**[2]

Plaintiff Xaioyuan Zhang filed this securities class action on August 20, 2019, asserting claims against defendants for violations of sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of all who purchased or otherwise acquired Valaris securities between April 11, 2019 and July 31, 2019.  Plaintiff named three defendants: Valaris, which is located in the United Kingdom; Burke, who resides in the United Kingdom; and Baksht, who resides in Texas.

On December 23, 2019, Charles Moosa was appointed lead plaintiff in the action.  ECF No. 24.  At this point, as none of the three defendants had been served, plaintiff initiated service as to Valaris and Burke via the Hague Convention.  ECF Nos. 30, 37 at 10.  However, on January 16, 2020, Gibson Dunn represented that individual defendants Burke and Baksht would waive service once Valaris was served via the Hague Convention.  ECF No. 38-5.  Plaintiff, therefore, ceased its attempts to serve Burke and Baksht

---

[2] The following facts are drawn from Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendants and the Declaration of Shannon L. Hopkins and exhibits thereto, ECF Nos. 37, 38; Defendants' Partial Opposition to Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendants, ECF No. 39; Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Alternative Service and Extension of Time to Serve Defendants, ECF No. 42; Plaintiff's Letter dated February 26, 2021, ECF No. 58; and Defendants' Letter dated March 1, 2021 and exhibits thereto, ECF No. 59.

individually and focused his efforts on serving Valaris via the Hague Convention.  ECF No. 37 at 10.

After plaintiff's efforts to serve Valaris were thwarted by the closure of the Central Authority in the United Kingdom due to the COVID-19 pandemic, plaintiff moved for alternative service, which defendants opposed.  ECF Nos. 36, 37, 39, 42.

On August 19, 2020, Valaris filed a petition for bankruptcy relief in the Southern District of Texas, triggering an automatic stay of this case.  ECF No. 44.  Unrelatedly, on September 17, 2020, plaintiff served Baksht in Texas, ECF No. 51, and on October 20, 2020, plaintiff served Valaris via the Hague Convention in the United Kingdom, ECF No. 55.

Following a conference on October 21, 2020 to discuss the scope of the bankruptcy-related stay, the Court issued a stay as to all defendants, except that plaintiff was granted leave during the pendency of the stay to file an amended complaint and continue its efforts to serve defendants.[3]  ECF No. 52.  The rationale underlying this order was twofold.  First, while the Court recognized that the stay applicable to Valaris did not necessarily apply to Burke and Baksht, it was impractical to proceed against the individuals while Valaris was subject to the jurisdiction of

---

[3] Though plaintiff served Valaris via the Hague Convention on October 20, 2020, plaintiff was not made aware of the successful service until December 3, 2020.  ECF Nos. 55 (filed December 15, 2020), 58.  As below, plaintiff attempted to serve Burke through other means in the interim.

3

bankruptcy court. Second, the Court wanted to ensure that this case could proceed without further delay if and when Valaris emerges from bankruptcy.

As noted above, in the past, Gibson Dunn represented that Burke would waive service if Valaris was served via the Hague Convention. ECF No. 38-5. In that regard, after plaintiff learned that he served Valaris, plaintiff contacted Gibson Dunn to confirm that counsel would accept service on behalf of Burke pursuant to the parties' prior agreement. ECF No. 59-1 at 3. On December 14, 2020, however, Gibson Dunn responded, "[g]iven the ongoing bankruptcy, we are not willing to accept service on behalf of Burke." ECF Nos. 58, 59-1 at 3. Thus the motion is not moot as to defendant Burke.

For his part, plaintiff has made considerable efforts to serve Burke. On September 15 and September 22, 2020, plaintiff requested issuances of an amended summons as to Burke at two different addresses in Texas. ECF Nos. 46, 48. On November 5, 2020, plaintiff again requested issuance of an amended summons as to Burke, this time at an address in the United Kingdom. ECF No. 53. Plaintiff filed another request for issuance of an amended summons as to Burke at a different address in the United Kingdom, care of Valaris' general counsel, on December 22, 2020. ECF No. 56.

Notwithstanding his efforts, plaintiff has been unable to serve Burke due to circumstances related to the COVID-19 pandemic.

As of February 22, 2021, the website for the United Kingdom Central Authority stated that service of judicial documents was suspended in light of the COVID-19 pandemic.  ECF No. 58.  Plaintiff's counsel also sent an email to the Hague Convention to obtain an update on service and received no response, other than an automated message indicating that staff was working reduced hours in light of the lockdown.  Id.  Accordingly, it is not clear when the Hague Convention will reopen and effectuate service on defendant Burke.

## II.   DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 4(f)(3) permits plaintiffs to serve "an individual . . . at a place not within any judicial district of the United States . . . [by] means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Courts have discretion to approve a method of alternative service under Rule 4(f)(3) when it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."  Fisher v. Petr Konchalovsky Found., No. 15 Civ. 9831, 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016).  A means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Id. (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

### B. Alternative Service is Proper

In their submission, defendants advance two arguments in opposition to plaintiff's motion for alternative service.[4] First, defendants argue that alternative service is improper where Hague Convention procedures are available. ECF No. 39 at 3. Elaborating on this point, defendants argue that alternative service is permitted only where plaintiff has made a showing that (1) plaintiff "has reasonably attempted to effectuate service on the defendant" and (2) "the circumstances are such that the court's intervention is necessary." Id. (citing In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012)). Second, defendants argue that there is no urgency requiring immediate service here, and that plaintiff should therefore wait until service can be effectuated via the Hague Convention. ECF No. 39 at 5. The Court rejects both arguments.

First, defendants' suggestion that plaintiff must rely on Hague Convention service is simply incorrect. In fact, the very same case cited by defendants, GLG Life, makes clear that "nothing in Rule 4(f) itself or controlling case law suggests that a court

---

[4] In their submission of May 4, 2020, defendants also argued that defendants are not evading service and that defendants' counsel has made clear that he would accept service on behalf of the two individual defendants after plaintiff serves Valaris in accordance with the Hague Convention. ECF No. 39 at 6. As defendants have changed their tune on this point and defendants' counsel will no longer accept service on behalf of Burke following successful Hague Convention service on Valaris, see ECF No. 59-1, the Court does not consider this point.

6

must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." 287 F.R.D. at 266; see also Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 512 (S.D.N.Y. 2013) ("[I]t should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful").

In any event, plaintiff has reasonably attempted to effectuate service on defendant Burke via the Hague Convention on more than one occasion, including following the appointment of lead plaintiff in January 2020, ECF No. 28, and again after Gibson Dunn's email of December 14, 2020 that confirmed that counsel would no longer accept service on behalf of Burke, ECF No. 56. In fact, plaintiff ceased attempting to serve Burke via the Hague Convention in January 2020 only after Gibson Dunn represented that Burke would waive service if plaintiff successfully served Valaris via the Hague Convention. ECF Nos. 38-5, 39 at 6. Once Gibson Dunn clarified its reversed position on December 14, 2020, ECF No. 59-1, plaintiff expeditiously sought to serve Burke via Hague Convention procedures again on December 22, 2020, ECF No. 56. Despite plaintiff's efforts, the United Kingdom's Central Authority has indicated that service of judicial documents is

suspended indefinitely.  ECF No. 58.[5]  Under these circumstances, an application to the Court to authorize alternative services is clearly warranted.  See Tevra Brands LLC v. Bayer Healthcare LLC, No. 19 Civ. 04312, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020) (recognizing that delays to service via the Hague Convention may arise due to COVID-19 pandemic and permitting renewal of alternative service motion).

Second, the Court is not persuaded by defendants' contention that there is no urgency here and that plaintiff should simply await the eventual reopening of the United Kingdom Central Authority.  Such an argument was implicitly rejected by this Court, when, on October 22, 2020, it issued an order permitting plaintiff to proceed in his attempts to serve the individual defendants notwithstanding Valaris' bankruptcy.  ECF No. 52.  This case has been pending since August 20, 2019.  ECF No. 1.  Granting alternative service 19 months after the complaint was filed is not unprecedented; courts have granted such applications in far shorter order.  See, e.g., Gurung v. Malhotra, 279 F.R.D. 215, 217 (S.D.N.Y. 2011) (explaining that Court granted motion for alternative service five months after complaint was filed).  Accordingly, we grant plaintiff's motion for alternative service.

---

[5] In that respect, we note that it took over nine months for plaintiff to serve Valaris through Hague Convention procedures in 2020.  See ECF Nos. 28 (request for issuance of summons on January 14, 2020), 55 (service completed October 20, 2020).

**C. Methods of Alternative Service**

Plaintiff seeks to serve process on Burke by (1) email; (2) service through email and certified mail to Valaris' United States-based counsel; and (3) publication in The Daily Telegraph, Business Wire, and Oil and Gas Journal.

As an initial matter, the Court is unaware of, nor has either party identified, any international agreement between the United States and the United Kingdom that prohibits the methods of service proposed by plaintiff. Moreover, defendants do not take a position on any of the methods of service proposed by plaintiff. ECF No. 39 at 2 n.2.

The Court grants plaintiff's motion with respect to his request to effectuate service on Burke (1) via email to Burke and (2) via service through email and certified mail to Valaris' United States-based counsel — here, Gibson Dunn. We believe that each of these methods is reasonably calculated to ensure that service will reach the defendant. See F.T.C. v. Pecon Software Ltd., No. 12 Civ. 7186, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (finding that service by email "comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant"); GLG Life, 287 F.R.D. at 267 (ordering service on United States counsel under Rule 4(f)(3) where "the circumstances of th[e] case ma[de] clear that service on counsel . . . [was] virtually guaranteed to provide notice to" the defendant). Service on Gibson

9

Dunn is a particularly strong option, as it is clear that Burke is regularly communicating with Gibson Dunn, who initially stated that Burke would waive service once service was completed on Valaris, ECF No. 38-5, and who recently filed a letter on his behalf, see ECF No. 59.  GLG Life, 287 F.R.D. at 267 (finding that "it is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney"); Ehrenfeld v. Salim a Bin Mahfouz, No. 04 Civ. 9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (permitting service on counsel where "attorneys must be in communication with Defendant in relation to the pending legal proceedings . . . and will know how to locate Defendant").  Given that Burke is the only remaining unserved defendant, Gibson Dunn's opposition to this motion must be on behalf of Burke.

On the other hand, we see no particular need for plaintiff to pursue his third proposal of publication.  Courts in this Circuit have granted such alternative service requests where, for example, plaintiff did not know defendants' names and addresses.  See, e.g., SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987).  That is not the case here, and thus we see no reason to broadcast the existence of this lawsuit throughout various publications where there are significantly more calculated means to achieve service.

10

### III. CONCLUSION

For the reasons above, the Court GRANTS plaintiff's motion to serve defendant Burke through (1) email to Burke and (2) service through email and certified mail to Valaris' United States-based counsel and GRANTS plaintiff's request for an extension of time to serve Burke.[6]  Plaintiff is granted until April 15, 2021 to complete service.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 36.

**SO ORDERED.**

Dated:   New York, New York
         March 16, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[6] Federal Rule of Civil Procedure 4(m) provides that actions are subject to dismissal without prejudice unless service is made within 90 days, however this rule does not apply to "service in a foreign country."  NBS Trade & Inv. Ltd. v. China Constr. Bank, No. 16 Civ. 6324, 2016 WL 7839188, at *1 (S.D.N.Y. Dec. 22, 2016) (citing Fed. R. Civ. P. 4(m)).  Where the foreign country exception applies, the court uses a due diligence standard to determine whether service of process was timely, and "[t]he plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving the defendant." In re Bozel S.A., No. 15 Civ. 3739, 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017).  Here, defendants take no position on plaintiff's request for an extension of time to serve Burke pursuant to the Hague Convention and do not otherwise challenge plaintiff's request for an extension.  ECF No. 39 at 7 n.5. The Court finds that plaintiff has consistently attempted to effectuate service on Burke notwithstanding the global pandemic and therefore grants plaintiff's request for an extension of time to serve Burke.