**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

NAOMI REICE BUCHWALD                                    (212) 805-0194
UNITED STATES DISTRICT JUDGE

August 13, 2021

Shannon Lee Hopkins
Levi & Korsinsky, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905

RE: **Zhang v. Valaris plc et al.**
**19 Civ. 7816 (NRB)**

Dear Counsel:

We write regarding lead plaintiff's proposed notice of voluntary dismissal submitted on June 21, 2021, ECF No. 65 ("Notice"), and as corrected on July 8, 2021, ECF No. 68-3 (the "Corrected Notice"). As you are aware, we have sent you two letters, raising certain questions about the Corrected Notice. ECF Nos. 67, 69. We also have reviewed the docket of the Bankruptcy Court of the Southern District of Texas ("Bankruptcy Court") in In re Valaris plc, et al., Case No. 20-34114. Having done so, we realize that the Court has no practical option but to endorse the Corrected Notice.

Nevertheless, the Court continues to have concerns about your responses to the questions we have raised. Frankly, we do not find your responses wholly satisfactory.

First and foremost, you have not provided a full explanation as to how you protected the class. You never filed a claim explicitly on behalf of the class. See ECF No. 70-1. Nor did you seek to certify the class before the Bankruptcy Court pursuant to Rule 7023 or before this Court. See Bankruptcy Dkt. No. 1256 at 7-8 n.4. While there may have been good and sufficient reasons not to do so, you have never fully explained your actions or inactions. In this regard, we are aware that you failed to bring to our attention in any explicit manner the objection and motion filed against the lead plaintiff in the Bankruptcy Court, see, e.g., Bankruptcy Dkt. Nos. 1256 (objection to proof of claim filed by Moosa), 1275 (motion for an order enforcing the confirmation order and plan injunction), which would have provided context for your Notice.

Second, having declined to answer one of our questions based on an assertion of attorney-client privilege, you have never addressed your decision to advise only the lead plaintiff, rather than the class as a whole, which appears to violate your obligations under Med. & Chiropractic Clinic Inc. v. Oppenheim, 981 F.3d 983 (11th Cir. 2020).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

NAOMI REICE BUCHWALD                                                    (212) 805-0194
UNITED STATES DISTRICT JUDGE

Finally, there remains a disconnect between your penultimate sentence and the plan of reorganization in the Bankruptcy Court.

Very truly yours,

Naomi Reice Buchwald
United States District Judge

cc:     Brian Lutz
        Gibson, Dunn & Crutcher LLP
        555 Mission Street, Suite 3000
        San Francisco, CA 94105